PENINSULAR TELEPHONE COMPANY v. JAMES DORITY.

174 So. 446.
Opinion Filed April 26, 1937.
Petition for Rehearing Denied June 2, 1937.

*Erle B. Askew,* for Plaintiff in Error;

*Cook & Harris* and *H. L. McGlothin,* for Defendant in Error.

WHITFIELD, P. J.—This case is under the hazardous occupation Act, Section 7058, *et seq.,* C. G. L., which covers "railroading, operating street railways, generating and selling electricity, telegraph and telephone business, express business, blasting and dynamiting, operating automobiles for public use, boating, when boat is propelled by steam, gas or electricity."

In the first of the three counts of the declaration herein

filed by James Dority, it is in substance alleged that the defendant telephone company is engaged in furnishing to its customers telephone service, and as a means of furnishing such service the defendant has and maintains in the city of St. Petersburg and elsewhere a network or system of wires and poles lines; that on December 4, 1931, and prior thereto the plaintiff was in the employment of the defendant as what is commonly known as a lineman, and as such was engaged in the building, rebuilding and repairing of the defendant's telephone lines in the City of St. Petersburg between 29th and 30th Avenues South in said city.

"That while thus engaged and in the course of his employment by the defendant and in the performance of his duties as such employee the plaintiff was working at or near the top of a pole which was approximately twenty feet high and ten inches in diameter at the surface of the ground when, without any warning and while he was fastened to the pole with a safety belt, which was a usual and customary safety measure employed in the performance of such work, said pole by reason of a defective condition unknown to plaintiff broke at or near the surface of the ground and fell with great force and weight to the ground bringing plaintiff down with it.

"By said fall plaintiff's lower back was crushed and broken, two of his lumbar vertebrae were fractured," etc.

"That it was the duty of the Defendant to see that the pole on which he was required to work was safe for him to work on; that the defendant negligently and wrongfully failed to see that said pole was safe, and as a direct and proximate result of said negligence on the part of the defendant, plaintiff's injuries were sustained; that such unsafe condition of said pole was not known or apparent to plaintiff but was such a condition as was known to or could

have been ascertained by the defendant in the exercise of ordinary care on its part for the safety and protection of the plaintiff, and as a result of the defendant's said negligence and dereliction in the duty which it owed him, plaintiff was injured and suffered damages as aforesaid."

In the second count it is alleged:

"That the defendant negligently and wrongfully failed and neglected to provide plaintiff with a safe place to work at the time and place aforesaid, and failed and neglected to ascertain and warn him of the defective and dangerous condition of said pole, and as a direct and proximate result of said negligence on the part of defendant, plaintiff's aforesaid injuries were sustained; that such unsafe condition of said pole was not known or apparent to plaintiff but was such a condition as was known to or could have been ascertained by the defendant in the exercise of ordinary care on its part for the safety and protection of the plaintiff and as a result of the defendant's said negligence and dereliction in the duty which it owed him, plaintiff was injured and suffered damages as aforesaid."

In the third count it is alleged:

"That defendant negligently and wrongfully failed to provide such safe place for plaintiff to work or to make such inspection, ascertain the defective and dangerous condition of the pole on which plaintiff was working and which fell with him, and to warn plaintiff thereof; that such unsafe condition of said pole was neither known nor apparent to plaintiff but was such a condition as was known to or could have been ascertained by the defendant in the exercise of ordinary care on its part for the safety and protection of its employees, and as a result of the defendant's said negligence and dereliction in the duty which it owed him, plaintiff was injured and suffered damages as aforesaid."

A demurrer to the declaration and a motion for compulsory amendment were overruled.

There was a plea of (1) not guilty and (2) a plea "that at the time the Plaintiff alleges that he was injured by falling from a telephone pole, that the Plaintiff was engaged in the construction and repairing of a telephone line of this Defendant; that the Plaintiff was an experienced lineman and had been in the employment of this Defendant since 1919 as a lineman, and that said Plaintiff was a lineman and had had experience as such before becoming employed by this Defendant; that at the time the Plaintiff avers that he fell from said telephone pole, by universal custom, which also existed in the locality where Plaintiff was employed at said time, it became and was the duty of the Plaintiff to inspect every telephone pole before climbing the same to work thereon; that pursuant to said custom, this Defendant had continuously prior to said time instructed all of its telephone line repair crews, including the Plaintiff, to test poles before climbing the same; that this Defendant maintained no other inspectors of said poles than the crews engaged in repairing and constructing telephone poles, but reposed that confidence and trust in the repair crews themselves, which fact was well known to the Plaintiff at the time he alleges he was injured; that if said telephone pole was not reasonably safe, or if such condition could have been ascertained from a careful inspection, the Defendant avers that it was the duty of the Plaintiff to ascertain that fact before climbing said pole; that any injury sustained by the Plaintiff resulted from his own negligence in failing to inspect said pole for the Defendant."

A demurrer to the third plea was sustained and an amended third plea was filed as follows:

"That at the time of his injuries, plaintiff was an experi-

enced lineman in the employment of this defendant, and had knowledge of the rules and regulations of this defendant, promulgated for the safety of its employees; that among such rules and regulations was one requiring all linemen to test and inspect poles for defects before ascending the same; that pursuant to said regulation, it was the duty of the plaintiff to test and inspect said pole for defects before ascending the same; that this defendant maintained no other inspectors of said poles than the crews engaged in repairing and constructing telephone poles, which fact the plaintiff knew; that, in total disregard of the aforesaid rule of this defendant, the plaintiff failed in his duty to make such test and inspection before ascending the pole, and, as the result thereof, sustained the injuries as alleged in his declaration; and this defendant says that his injuries were partially caused by reason of said negligent action on the part of the plaintiff, and that the damages, should any be recovered by the plaintiff, should be diminished in proportion to the amount of negligence attributable to him."

Verdict and judgment were rendered for the plaintiff in the sum of $12,500.00. A new trial was denied, and writ of error was taken.

The hazardous occupation statute, in Sections 7058 (4971), 7059 (4972) C. G. L., provides that "the persons, firms and corporations" engaged in stated hazardous occupations including telephone business in this State "shall be liable in damages for injuries inflicted upon their agents and employees * * * caused by the negligence of such persons, firms and corporations, their agents and servants, unless such persons, firms and corporations shall make it appear that they, their agents and servants, have exercised all ordinary and reasonable care and diligence."

When there is some showing of a negligent injury as

alleged in such cases, the defendant must then make it appear that it has exercised all ordinary and reasonable care and diligence in the premises.

In an action brought against an employer under the hazardous occupation statute, the doctrine of assumption of risk does not obtain "where the injury or death was attributable to the negligence of the employer, his agents and servants." And if the employee injured or killed and the employer or its agents and employees are both at fault, there may be a recovery, but the damages "shall be diminished or increased by the jury in proportion to the amount of default attributable to both."

Under the hazardous occupation statute where an injury sustained is proximately caused by the combined negligence of the injured employee and the employer, the damages that would be recoverable if the employee had not been negligent, shall be diminished in the proportion that the negligence of the employee bears to the combined negligence of the employee and employer which was the proximate cause of the injury.

"In an action to recover damages for the wrongful death of an employee in certain occupations, the statute provides that if the employee and employer 'are both at fault, there may be a recovery, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to both,' which means that where casual negligence is attributed partly to the defendant and partly to the injured employee, the recovery shall not be full damages, but only a diminished sum bearing the same relation to full damages that the negligence attributable to the defendant bears to the negligence attributable to both; the purpose being to exclude from the recovery a proportional part of the damages corresponding to the employee's contribution

to the total negligence." Key West Electric Co. v. Higgs, 118 Fla. 11 (H. N. 1), 136 So. 639; S. A. L. Ry. v. Tilghman, 237 U. S. 499, 35 Sup. Ct. 653.

"Where damages are to be apportioned under the statute, the recovery should be such a proportion of the entire damages sustained as the defendant's negligence bears to the combined negligence of both the plaintiff and the defendant in the premises." S. A. L. Ry. v. Callan, 73 Fla. 688 (H. N. 6), 74 799. See Davis v. Cain, 86 Fla. 18, 97 So. 305; 45 C. J. 1042.

There is evidence that rules of the defendant company required the plaintiff employee to make appropriate inspection of the telephone poles he had to climb in the course of his employment. Apparently such instruction as given required no more than the employee should have done as of course.

The plaintiff was employed as a lineman by the defendant company. One of his duties was to climb telephone poles and to place, remove or adjust the brackets or arms attached to the poles on which the wires were strung. The plaintiff employee was not shown to have been the *alter ego* of the defendant company. In performing his duty as lineman the law required him to make such reasonable inspection of each pole he climbed as was necessary or appropriate to discover defects, if any, in the pole that would make it unsafe to climb and work upon. The plaintiff made reasonable inspection of the pole that was defective before he climbed it in the course of his employment. But the defect in the pole was 5 to 9 inches below the surface of the ground; and it is not shown that the plaintiff was required to inspect the pole below the surface of the ground.

It was the duty of the employer defendant to exercise reasonable care and diligence to maintain the line telephone

poles in a safe condition for the employees to climb and work upon in the performance of their duty as the defendant's employees. The employer company could not relieve itself of the duty to exercise reasonable care and diligence in maintaining a safe place for its employees to work. Even if it were clearly shown that the injured employee lineman in this case had been duly charged with the duty of inspecting each line pole before climbing it and that the plaintiff employee lineman had accepted such duty with an appreciation of its significance, the employer would still have the duty of exercising reasonable care and diligence to maintain in a safe condition the line pole on which employees would work in the course of their duty under their employment, the injured lineman not being the *alter ego* of the defendant telephone company.

Neither a company rule nor a custom of the business can legally operate to evade the law regulating the duty of an employer company to exercise reasonable care and diligence to maintain a safe place for its employees to work. If the plaintiff, being an employee, was negligent in the discharge of his duty, which contributed to the injury, the employer still would be liable for duly apportioned diminished damages for its own negligence in not maintaining the line pole in a safe condition for the work of the employee lineman in climbing and working upon the pole in the course of his employment. Section 7060 (4973) C. G. L.

The defect in the telephone pole which caused it to break under the burden of the working lineman near the top of the pole, was below the surface of the ground. It clearly was the duty of the employer to exercise due and reasonable care and diligence to have the pole in a safe condition for the lineman's work on it; and it is not shown that such due care and diligence were exerted by the company as it should

have done through its appropriate officers or agents. Where such appropriate officers or agents of the company are not provided, or if provided, are negligent in their duty to maintain a safe place for linemen to work, the company is liable in appropriate damages for injuries to a lineman employee that are proximately caused by such negligence; and diminished damages may be recovered even though the employee was also negligent, where negligence of the employer's officers or agents proximately contributed to the injury sustained. Kirkland v. City of Gainesville, 122 Fla. 765, 166 So. 460.

If instructions to the jury that are complained of may be regarded as having been duly excepted to and presented for review, they are not inherently erroneous and it is not shown that they reasonably were harmful to the defendant.

Error is assigned on the order overruling the motion for new trial, and one of the grounds of the motion is that the verdict is excessive.

In A. C. L. Ry. v. Ryland, 50 Fla. 192, 40 So. 24, the injured railroad company employee was a section master or assistant section master in charge of a hand car on which he was riding, the hand car being propelled by defendant's employees who were under the orders of the section master. The injured section master knew of, or reasonably should have known of, a defect in the hand car, and knew it was being carelessly propelled by the employee who was subject to the orders of the plaintiff when the injury occurred. The injured railroad company employee was not without fault, and he could not recover under the statute, the employer not being negligent in the premises. Sec. 7053 (4966) C. G. L.

In this case the injured employee was not an *alter ego* of the defendant telephone company, and was not shown to have been negligent; and the defendant did not show that

it had "exercised all ordinary and reasonable care and dili-
gence" to maintain safe line poles for the linemen to work
upon. Sec. 7059 (4972) C. G. L. The duty of the line-
man to exercise reasonable care for his own safety was ap-
parently performed by the examination he made of the pole
before he climbed it; and the rules and custom with refer-
ence to inspection of the line poles by the linemen do not
relieve the defendant company of its duty to use reasonable
care and diligence in maintaining safe poles for the linemen
to work upon. See Kirkland v. City of Gainesville, 122 Fla.
765, 166 So. 460. The injury in this case is not covered by
the proviso of Section 7060 (4973) C. G. L., that "damages
shall not be recovered for injuries to an employee injured
in part through his own negligence and in part through the
negligence of another employee, when both of such em-
ployees are fellow servants, where the former and latter
are jointly engaged in performing the act causing the injury
and the employer is guilty of no negligence contributing to
such injury." See G. F. & A. Ry. v. King, 73 Fla. 325,
74 So. 475.

The defendant telephone company is held to take notice
and have knowledge that wooden telephone line poles with
one end in the ground, do rot beneath the surface of the
ground, and that such decay does not happen suddenly.
The weight of a man working with his tools on a perpen-
dicular pole near its top is liable to cause a break in the pole
below the ground if the part of the pole under the ground
is decayed or otherwise unsafe; therefore it is the duty of
the company using such poles for its telephone wires to
exercise all ordinary and reasonable care and diligence to
maintain the safety of the poles by appropriate and sufficient
examination and inspection of the condition of the poles
being so used, including the parts of the poles that are below

the surface of the ground as well as the portion that is above ground.

And while an employee should use reasonable care to ascertain that such a pole is safe before climbing it, the employee is not required to make the examination and inspection that the law requires the employer company to make in maintaining a safe place for the employee to work, at least unless it is shown that the employee was, upon proper authority duly conferred, accepted and appreciated, acting as *alter ego* of the employer company.

When such an employee is not the *alter ego* of the employer, he may recover diminished damages for an injury that is caused by the combined negligence of the employer and the injured employee.

The defendant company paid all of plaintiff's hospital and medical expenses and also wages after the injury to the amount of about $4,400.00. While the injury is serious and permanent, upon a consideration of the entire record, it appears that the amount of the verdict, $12,500.00, is excessive. If the plaintiff remits the sum of three thousand dollars as of the date of the judgment, the judgment will stand affirmed for the amount of $9,500.00. Otherwise the judgment will be reversed for a new trial.

It is so ordered.

ELLIS, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

BROWN, J. (concurring).—I think the recovery of a judgment in this case was justified by the principles laid down in the Kirkland case, *supra*. While I dissented in that case, I recognize it as a binding precedent in the instant case.