TAMPA ELECTRIC COMPANY v. THELMA HARDY, a widow.

190 So. 478.
En Banc
Opinion Filed July 7, 1939

*Knight & Thompson,* and *Sutton & Reeves,* for Plaintiff in Error;

*Maxwell & Cobbey* and *Whitaker Brothers,* for Defendant in Error.

THOMAS, J.—The issues in the case we are now to consider were presented by the first count of the declaration,

two others having been abandoned, and the pleas of not guilty and contributory negligence in diminution of damages.

The declaration contained the allegations in substance that Rassie Robert Hardy, husband of the plaintiff, was in the employ of the defendant, operator of an electric light plant, in the hazardous occupation of lineman; that defendant had rejected the terms of the "Florida Workman's Compensation Act"; that the defendant violated the duty it owed its lineman to furnish him a safe place to work by constructing a pole supporting wires carrying electric current so that the ground wire was exposed; that Hardy, while working on the pole, raised his hand to signal a fellow workman and made contact with "high voltage wires"; that because of the exposed "ground" wire the electric circuit was completed and Hardy was electrocuted.

An attack was made on this count of the declaration and the action of the circuit judge in overruling the demurrer is assigned as error. It is urged that the pleader was not justified in the assumption that there was a duty on the part of the employer to provide poles so equipped that if a lineman touched a high tension wire he would not be exposed to an uninsulated ground wire which could close the circuit and cause death.

We think there is ample authority to be found in the former decisions of this court to support the ruling of the circuit judge. In Kirkland v. City of Gainesville, 122 Fla. 765, 166 South. Rep. 460, it was said that testimony of unsound condition of a pole "afforded a legal predicate for an inference," text 463, 166 South. Rep., that this was the result of negligence and the cause of injury.

Again, in Peninsular Telephone Co. v. Dority, 128 Fla. 106, 174 South. Rep. 446, this language is found.

"It clearly was the duty of the employer to exercise due and reasonable care and diligence to have the pole in a safe

condition for the lineman's work on it; and it is not shown that such due care and diligence were exerted by the company as it should have done through its appropriate officers or agents." 174 South. Rep., text 449, 450.

And in the case of Winter Park Telephone Co. v. Strong, 130 Fla. 755, 179 South. Rep. 289, text 291, it was stated that:

"Even if some responsibility for looking after the condition of the pole was conferred upon and assumed by the decedent, and even if decedent may be regarded as negligent in going upon the pole, this did not relieve the city of the consequences of its negligence in performing its duty to maintain the pole in a reasonably safe condition for the hazardous service."

The remaining questions which the plaintiff in error has propounded relate (1) to negligence charged to decedent in failing to use safety appliances and in selecting a defectively rigged pole with which he was familiar and (2) to the amount ($10,000) of the verdict, which is claimed to be excessive.

This brings us to a study of the evidence.

The day Hardy was killed he and other members of a crew of linemen were engaged in "sagging" or stretching wires between the defendant company's poles. It was his task to sight along the wires and when they reached the proper tautness to signal a man on the ground who in turn communicated with men who were pulling the wires.

He gave the customary signal to stop hauling by raising his hand in the air and then was seen to slump in his safety belt. Upon being lowered by his fellow workmen efforts to resuscitate him were strenuously made but he did not respond. An examination of his body revealed a burn on the middle finger of his left hand and on the toes of his right foot.

It is obvious that the jury believed that part of the testimony which substantiated the count of the declaration summarized above. Although conflicts appear in the statements of the various witnesses there was plenty of evidence both from them and from photographs taken by a passerby before the body was removed that the ground wire was bare. Though harmless in itself it would have, if touching Hardy's foot at the instant his raised hand came in contact with the high voltage wire, closed the circuit and caused death. This was the theory of the plaintiff's case and it was amply sustained by proof.

We think the other contentions of plaintiff in error that decedent was negligent in failing to use his rubber gloves and in choosing the particular pole on which he met death as a signaling post, were not ignored by the jury in fixing the award of damages.

Contributory negligence was pleaded not in bar but in diminution of damages and if both were at fault the recovery should be decreased by proportion that employee's negligence bore to the whole. Peninsular Telephone Co. v. Dority, *supra;* Winter Park Telephone Co. v. Strong, *supra.*

Decedent was thirty-one years of age and in good health. His wife was twenty-nine. He was earning thirty-five dollars weekly and, according to the American Experience Table of Mortality, his expectation of life was 34.63 years.

In this situation the amount of the verdict indicates that a considerable reduction was made by the jury from the damage actually proved and we believe this represents the credit which they felt should be allowed for any contribution that Hardy may have made to the negligence which brought about his death.

Concluding thus we likewise hold the view that the verdict was not excessive.

The judgment is affirmed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J., concur.