**Sidney J. MACARAGES, Appellant,**

v.

**RAYMOND CONCRETE PILE COMPANY, Appellee.**

**Thomas HERRING, alias Jessie Thomas Herring, Appellant,**

v.

**RAYMOND CONCRETE PILE COMPANY, Appellee.**

**Nos. 15262 and 15263.**

United States Court of Appeals, Fifth Circuit.

April 8, 1955.

Wm. D. Barfield, Jacksonville, Fla., for appellant.

J. Henson Markham, Jacksonville, Fla., Osborne, Copp & Markham, Jacksonville, Fla., of counsel, for appellee.

Before HUTCHESON, Chief Judge, TUTTLE, Circuit Judge, and DAWKINS, District Judge.

TUTTLE, Circuit Judge.

These appeals present the question whether workers in statutory "hazardous occupations" in Florida are covered by the Florida Workmen's Compensation Act, or whether they are given a distinct and separate status by the Hazardous Occupation Act [1] which leaves open to them the right to sue as at common law, with some of the common law defenses removed.

The two appellants here separately sued appellee in the trial court on the theory that under the terms of the Hazardous Occupation Act they could sue their employer for damages for injuries received by them while engaged in dynamiting operations. They alleged in their complaint that they had received medical services and compensation under the Workmen's Compensation Law,[2] but that such payments had been made under a mistake in law and were refundable. The defendant below contended that, since the plaintiffs were employed by an employer which had elected to come within the compensation law, and since they themselves had not given notice of rejection of its benefits, their sole and exclusive remedy in case of injury was to be found within the terms of that law. The trial court, accepting the views urged by the defendant, dismissed the complaints as failing to state a claim against defendants upon which relief could be granted. Both plaintiffs appealed from these judgments, separately entered, and we have combined them for hearing and decision here, as involving the identical question.

The Florida legislature enacted the Hazardous Occupation Law in 1913. This was well in advance of the era in which most of the states recognized the value to an industrial society of providing some substantial protection to every worker regardless of fault and danger of occupation. This statute enumerated certain occupations as being known as hazardous.

1. Ch. 769, F.S.A.

2. Ch. 440, F.S.A.

As to employes engaged in such occupations, the law, while not giving them a new cause of action against their employers, nevertheless did create a presumption of negligence against the employer.[3]

Subsequently, in 1935, the Florida legislature adopted its Workmen's Compensation Act, which, in common with most such statutes, provides limited compensation and other benefits for the injured employe irrespective of fault and also gives him freedom from claims of creditors as against the cash benefits.

The Workmen's Compensation Law provides *inter alia:*

Sec. 440.03.

"Every employer and every employee, unless otherwise specifically provided, shall be presumed to have accepted the provisions of this chapter, respectively to pay and accept compensation for injury or death, arising out of and in the course of employment, and shall be bound thereby * * *."

Sec. 440.11 provides:

"The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter an injured employee, or his legal representative, in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant, nor that the employee assumed the risk of his employment,

nor that the injury was due to the contributory negligence of the employee."

The earlier law passed for the protection of workers in hazardous occupations, provides in Section 769.06 thereof:

"Any contract, contrivance or device whatever, having the effect to relieve or exempt the persons mentioned in § 769.01 from the liability prescribed by this chapter shall be illegal and void."

With the statute law standing thus, appellants urge upon us that, in the absence of a decision by the Supreme Court of Florida covering the precise point, we should hold that appellants are not foreclosed from suing their employer for negligence. To hold to the contrary, they argue, would amount to a repeal of the Hazardous Occupation Statute. They arrive at this result by arguing that the acceptance by an employer of the benefits of the Workmen's Compensation statute is a contract; that under the last quoted section above, "any contract, * * * having the effect to relieve * * * (employers in hazardous occupations) from (the provisions of 769.01) shall be illegal and void"; that a decision that a hazardous employer is entitled to the benefits and subject to the burdens of the later law as an exclusive measure of the rights of the parties would be inconsistent with the statutory prohibition in § 769.01 against contracting away its provisions; and that such inconsistency could be resolved only by holding that § 769.06 had been repealed.

This reasoning overlooks the other and, we think, the correct solution of the apparent inconsistency. That is, that the prohibition against any contractual or other surrender of the benefits granted by chapter 769 cannot be construed as a prohibition of what the legislature at a subsequent, or even the same, session itself authorized. This, then, is not the kind of "contract, contrivance or device", prohibited in Section 769.06. This is

---

3. This statute has been re-enacted each biennium under the Florida system of re-

adopting its code at each session of the legislature.

clear from the language of the Florida Supreme Court in the recent case of Winn-Lovett Tampa, Inc. v. Murphree, 73 So.2d 287, 291, where it was said in a case involving the employment of a minor:

"The contract of employment under the Workmen's Compensation Act is statutory and the act is implicit in every employer-employee relationship irrespective of the nature of the employment or the age of the employee. *Such statutory contract arises not by consent or agreement of the parties but comes into being whether consent to be employed or to employ can legally be given under the Child Labor Laws.*" (Emphasis supplied.)

 Nor do we think the stated exception "unless otherwise specifically excepted" comprehends an exception by virtue of the Hazardous Occupation Act. Rather, it refers to any specific exception in the Workmen's Compensation Act itself.

Appellants further contend that the Florida Supreme Court has indirectly recognized the primacy of the Hazardous Occupation Act over the Workmen's Compensation Act in a case in which the employer has rejected the terms of the latter act. They cite Tampa Electric Co. v. Hardy, 139 Fla. 142, 190 So. 478 for the proposition that where, under the terms of sections 440.05 and 440.06 the employer rejects its provisions, he is then governed by the terms of Ch. 769 as to his defenses, if he is in a hazardous occupation, and not by Ch. 440. This case is not applicable, because here we are dealing with a case in which the employer accepted the terms of Ch. 440 and not with one in which he rejected them, and as to such an employer, the law clearly and unambiguously says: "The liability of an employer prescribed in 440.10 shall be exclusive and in place of all other liability of such employer to the employee. * * *"

Any doubt as to the correctness of the judgment of the trial court must now, it seems to us, be completely swept away by the language of the Florida Supreme Court in Winn-Lovett Tampa, Inc., v. Murphree, supra: "The contract of employment under the Workmen's Compensation Act is statutory and the act is implicit in every employer-employee relationship *irrespective of the nature of the employment* or the age of the employee." (Emphasis supplied.) Winn-Lovett Tampa, Inc., v. Murphree, 73 So.2d 287, 291.

The judgments are affirmed.