PER CURIAM.
State Farm Mutual Automobile Insurance Company appeals from a final judgment holding that Earl Andrew Glover, ap-pellee, and plaintiff in the lower court, was entitled to coverage of uninsured motorist protection. Appellant contends that the trial court erred in failing to apply the final proviso of F.S.A. § 627.0851(1) retroactively, as amended on July 1, 1963.
Norman E. Sharp owned a 1956 Chevrolet and State Farm Mutual Automobile Insurance Company issued a policy on December 13, 1960, on said car and Sharp executed in writing a rejection of uninsured motorist coverage on December 11, 1961, according to F.S.A. § 627.0851(1), describing said Chevrolet.
Effective July 1, 1963, the following amendment was added to said statute:
“ * * * provided further that, unless the named insured requests such coverage in writing, the coverage need not be provided in or supplemental to a renewal policy where the named insured had re *107 jected the coverage in connection with a policy previously issued to him by the same insurer.”
On November 16, 1963, State Farm issued a new policy covering a 1962 Comet and on November 24, 1963, an accident occurred with an uninsured motorist. State Farm did not receive a rejection in writing on this new policy but depended on the December 11, 1961, rejection.
The lower court held that the 1963 amendment of F.S.A. § 627.0851(1) was not retroactive and this court affirms the judgment of the lower court.
Affirmed.
ANDREWS and CROSS, J J., and LEAVENGOOD, C. RICHARD, Associate Judge, concur.