PER CURIAM.
This appeal is by the plaintiff Allstate Insurance Company from a final judgment rendered for the defendant, James J. Duffy.
The parties submitted to the court a jointly executed stipulation. It provided, in part, that the parties stipulated to the introduction into evidence of the following exhibits and statements of facts:

Exhibits:

1. Letter from Allstate Insurance Company to International Inc. dated July 24, 1961.
2. Written rejection by International Sales Leasing Co. dated August 1, 1961.
3. Premium and coverage page for policy, 1964 to 1965.
4. Premium and coverage page for policy, August 22, 1967 to August 22, 1968.

Statement of facts:

James J. Duffy was involved in an automobile accident with an uninsured motorist on May 14, 1968 while driving a motor vehicle owned by International Sales Rental Leasing Co. Thereafter, JAMES J. DUFFY filed a demand for arbitration with the American Arbitration Association contending that he was entitled to uninsured motorist coverage under a policy issued by ALLSTATE INSURANCE COMPANY to International Sales Rental Leasing Co.
That ALLSTATE INSURANCE COMPANY first insured International Sales Rental Leasing Co. in August of 1961 under a General Auto Policy and a written rejection was obtained from the insured as to uninsured motorist coverage.
Thereafter, ALLSTATE INSURANCE COMPANY continued to insure International Sales Rental Leasing Co. through August 22, 1968. A new insurance policy was not physically issued each year but the original policy was continually renewed by mailing to the insured a premium page showing the existing coverages. Said premium page for the year in which the accident took place shows ‘waived’ as to uninsured motorist coverage.
*227 Said insurance policy did not contain within its provisions any uninsured motorist coverage; but, JAMES J. DUFFY contends that said coverage is engrafted therein by operation of law under the provisions of F.S. 627.0851 which requires uninsured motorist coverage in all policies unless the insured shall ‘reject the coverage’. The defendant further relies upon the case of State Farm Mutual Automobile Insurance Company v. Glover, Fla.App.1967, 202 So.2d 106. * * *”
On this stipulation above the trial court rendered the final judgment herein appealed. The final judgment found that there was a waiver or rejection of uninsured motorist coverage as to the original policy 5002159 but there was no rejection of such coverage under policy 5005113, the policy in effect at the time of the accident, and held that Duffy was entitled to an award under the uninsured motorist provisions of the laws of Florida.
We reverse. The stipulation of the parties agreed and conceded that a new insurance policy was not physically issued each year but the original policy was continually renewed by mailing to the insured a premium page showing the existing coverages. The trial judge disregarded the stipulation and found inferentially that there were two policies of insurance issued; i. e. policy no. 5002159 and policy no. 5005113. He apparently arrived at this determination because of a difference in certain numbers on exhibits three and four which were submitted in and with the stipulation. In so doing we believe he was in error.
“When a case is tried upon stipulated facts the stipulation is conclusive upon both the trial and appellate courts in respect to matters which may validly be made the subject of stipulation.” Columbia Bank for Coop. v. Okeelanta Sugar Coop., Fla.1951, 52 So.2d 670, 673.
The parties stipulated as to their interpretation of the “evidence and facts.” The evidence must mean or include the exhibits and the parties stipulated and agreed that the original policy was continually renewed and not that two separate insurance policies were issued by the insurer to the insured.
The stipulation also distinguishes this case from State Farm Automobile Insurance Company v. Glover, supra.
In Glover the opinion dealt with § 627.-0851(1), Fla.Stat., F.S.A., which provides, in regard to uninsured motorist coverage in part as follows:
“ * * * unless the named insured request such coverage in writing, the coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer.”
In Glover the insurance company issued one policy to the insured on December 11, 1961 and issued a new policy on November 16, 1963. The opinion held that § 627.-0851(1), Fla.Stat., F.S.A. was not retroactive.
Here the company issued the original policy in 1961 and received a written rejection of the uninsured motorist coverage under the policy “including any amendment thereto, and any renewal or extension thereof.” It was stipulated and agreed that it did not issue any new policy thereafter but simply renewed the original policy. We do not think the Glover opinion is applicable under these facts.
It was also error to compel the insurance company to submit to arbitration under the auspices of the American Arbitration Association as there was no statutory or contractual requirement to submit such a claim to arbitration. See § 627.-0851, Fla.Stat., F.S.A.; G & N Construction Company v. Kirpatovsky, Fla.App.1966, 181 So.2d 664; and 7 Appleman, Insurance Law & Practice § 4331 (Supp.1970) at 129.
The final judgment is, therefore, reversed and remanded.