363 So.2d 12 (1978)
Jimmie Lee GLOVER, Appellant,
v.
AETNA INSURANCE COMPANY, Appellee.
No. FF-366.
District Court of Appeal of Florida, First District.
September 7, 1978.
Rehearing Denied October 26, 1978.
Robert Orseck and Joel D. Eaton of Podhurst, Orseck & Parks, Miami, Wagner, Cunningham, Vaughan & Genders, Tampa, for appellant.
Richard W. Kreidler of Rice & Kreidler, Jacksonville, for appellee.
MILLS, Judge.
Glover appeals from an adverse final summary judgment entered in an uninsured *13 motorist suit he brought against Aetna, the insurance carrier of his employer. He contends that under Section 627.727(1), Florida Statutes (1971), an insurance carrier must provide uninsured motorist coverage unless written notice rejecting the coverage is given by the insured. Aetna contends that Section 627.727(1) does not require written rejection and that oral rejection is sufficient. We agree and affirm.
The president of Glover's employer, the insured of Aetna, stated that Aetna's agent orally offered him uninsured motorist coverage on the vehicle used by Glover at the time he was injured and he orally rejected the coverage. The agent kept an application in his file which showed that the insured chose to obtain uninsured motorist coverage on its private passenger vehicles only. The vehicle used by Glover at the time of the accident was a commercial vehicle.
Section 627.727(1) requires an insurance carrier to write uninsured motorist coverage in an amount up to the level of the liability insurance coverage selected, unless the named insured selects a lower amount or rejects uninsured motorist coverage entirely. The statute does not specify the method or means whereby an insured may reject the coverage. In this case it is undisputed that the insured was neither offered uninsured motorist coverage in writing nor rejected that coverage in writing.
Fla. Admin. Code Rule 4-28.02 requires that evidence must be maintained by an insurance carrier that uninsured motorist coverage was offered in limits up to the bodily injury limits of liability applicable to the policy.
The statute is clear and unambiguous in requiring that uninsured motorist coverage be contained in a policy, unless it is rejected by the insured. However, the statute does not require written rejection nor does it mandate rejection in a specific form.
The most that a written rejection could do in this case would be to affirm the coverage was rejected. Yet, that has been proven. There is absolutely no doubt that the insured's president intended to and did reject uninsured motorist coverage as to the vehicle involved in the accident. That is all the statute requires.
Aetna's agent maintained evidence, the application, which the insured's president identified as having the correct information that he rejected uninsured motorist coverage on commercial vehicles but wanted the coverage on private passenger vehicles. This complied with the State Insurance Department's Rule 4-28.02.
Although the courts in Davis v. United States Fidelity and Guaranty Co., 172 So.2d 485 (Fla. 1st DCA 1965), and State Farm Mutual Automobile Insurance Company v. Glover, 202 So.2d 106 (Fla. 4th DCA 1967), indicated that rejection of uninsured motorist coverage should be in writing, this was not an issue nor determinative of the issues in the cases, just gratuitous language.
The statute does require that once uninsured motorist coverage is rejected it need not be provided in a renewal policy unless the insured requests the coverage in writing. Glover argues that it is inconsistent to allow oral rejection but require written reinstatement. Perhaps, but this is the legislature's prerogative. Ours is not the authority nor will we legislatively rewrite the statute.
We should point out that on 9 July 1973, the State Insurance Department issued Bulletin 586 which requires written rejection of uninsured motorist coverage by the insured, effective 1 October 1973. The validity of the regulation was recently upheld in Harris v. United States Fidelity and Guaranty Company, 569 F.2d 850 (5th Cir.1978). The Bulletin was not effective when the policy in this case was written, nor have the courts of our State considered its validity.
Glover also urges that the court erred in entering the final summary judgment because genuine issues of material fact exist as to whether the president of Aetna's insured understood the nature of his rejection of uninsured motorist coverage and whether the rejection was knowingly made. This argument is without merit because *14 the record shows that the president intended to and did waive uninsured motorist coverage on the vehicle involved here. He knowingly made the rejection. He does not contend that he was under a mistaken impression.
The final summary judgment appealed is affirmed.
McCORD, C.J., and BOYER, J., concur.