400 So.2d 1024 (1981)
Gerald Wayne CROSBY, Appellant,
v.
REGIONAL UTILITY BOARD, CITY OF GAINESVILLE, Appellee.
No. YY-59.
District Court of Appeal of Florida, First District.
June 26, 1981.
*1025 Eilon Krugman-Kadi, Gainesville, for appellant.
Jack A. Langdon and Terrence J. Kann, Gainesville, for appellee.
Larry Klein, West Palm Beach, for amicus curiae, The Academy of Florida Trial Lawyers.
Rodney W. Smith, Gainesville, for amicus curiae, Communications Workers of America, Local 3170.
OWEN, WILLIAM C., Jr. (Retired), Associate Judge.
The issue in this case is whether an employee engaged in a hazardous occupation as defined by Chapter 769, Florida Statutes, injured in the course and scope of such employment through the negligence of his employer (for which a right of action is granted by Section 769.02, Florida Statutes) is nonetheless limited to the remedies of the Workers' Compensation Act, Chapter 440, Florida Statutes, where the employer has secured to and for its employees the benefits of such Act. We answer this question in the affirmative and affirm the judgment of the trial court.
The facts are neither complex nor in dispute. Appellee, City of Gainesville, is in the business of generating and selling electricity, an occupation defined as hazardous by Chapter 769, Florida Statutes. Appellant, Crosby, was employed by the City of Gainesville as an electrical lineman and while in the course and scope of such employment on July 6, 1979, sustained severe burns and permanent disability as a result of the City's alleged negligence. At that time the City of Gainesville was an employer within the definition of the Workers' Compensation Act, Chapter 440, Florida Statutes, and had secured to and for its employees, including Crosby, the benefits of that Act. As a result of the industrial accident, Crosby received benefits provided under the Workers' Compensation Act.
In July, 1980, Crosby filed a negligence action against the City under the provisions of the Hazardous Occupations Act, Chapter 769, Florida Statutes. On the City's motion to dismiss,[1] the court ordered the complaint dismissed with prejudice holding that by virtue of Section 440.11, Florida Statutes, the employer's liability to the employee was limited to the statutory benefits of the Workers' Compensation Act.
The Hazardous Occupations Act, enacted as Chapter 6521, Acts of 1913, first defines those occupations designated as hazardous (of which generating and selling electricity is one), and then provides, in Section 769.02, Florida Statutes, a right of action on behalf of employees against employers injured through the latter's negligence, in the following language:
"769.02 The persons mentioned in s. 769.01 shall be liable in damages for injuries inflicted upon their agents and employees, and for the death of their agents and employees caused by the negligence of such persons, their agents and servants, *1026 unless such persons shall make it appear that they, their agents and servants have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against such persons.
In 1935 the Workmen's Compensation Act (now called Workers' Compensation Act) was initially enacted, which through the years subsequent thereto has included, in one form or another, a provision limiting the employer's liability to an employee exclusively to that provided in the Workers' Compensation Act. That part of the statute applicable to this case provides, in relevant part, as follows:
"440.11 Exclusiveness of liability. 
(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death. .. ."
Recently, the Supreme Court, in discussing the constitutionality of Section 440.11, Florida Statutes, in a different context, stated in Seaboard Coast Line Railroad Company v. Smith, 359 So.2d 427 (Fla. 1978), at page 428:
"The sole and total liability of such employer is that defined in the Act itself. Moreover, we find no constitutional infirmity because of the grant of immunity to such employer under Section 440.11, supra."
Further, in the same case, the Court stated, at page 429:
"The Workmen's Compensation Act, by its express terms, replaces tort liability of the employer with strict liability for payment of the statutory benefits without regard to fault. An employer under this Act is not liable in tort to employees by virtue of the express language of the Act. Such immunity is the heart and soul of this legislation which has, over the years been of highly significant social and economic benefit to the working man, the employer and the State. And, whether the injury to the employee is caused by `gross negligence', `wanton negligence', `simple negligence' passive or active, or no negligence at all of the employer, is of no consequence."
Notwithstanding the clear language of Section 440.11, Florida Statutes, and of the numerous Florida cases which have recognized that the exclusive liability of the employer is limited to that set forth in the Workers' Compensation Act, appellant contends that the Hazardous Occupations Act is an exception to the employer's exclusive liability provision of Section 440.11, Florida Statutes. In support of that position appellant argues, not without some degree of persuasiveness, that the fact that the Florida legislature has not seen fit to repeal the Hazardous Occupations Act during the more than forty-five years that the employer's exclusive liability provision of the Workers' Compensation Act (in one form or another) has been a part of the statutory law of Florida indicates a legislative intent that the Hazardous Occupations Act has not been supplanted by the Workers' Compensation Act, but instead remains an alternative remedy available for workers in hazardous occupations who sustain injury in the course and scope of their employment through the negligence of their employers. This argument loses force, however, in view of the frequency with which the legislature has seen fit to amend the Workers' Compensation Act, yet has always retained the exclusive liability provision knowing the construction consistently placed upon that provision by the courts. A more likely reason for the legislature not repealing the Hazardous Occupations Act is a legislative intent that the Act not be supplanted in those instances where the employer's liability does not, for one reason or another, enjoy Section 440.11 limitation.
We have been unable to find any reported decision of an appellate court of this state which has expressly held that the Hazardous Occupations Act is not an exception to the employer's exclusive liability *1027 provision of Section 440.11, Florida Statutes, although two reported decisions have so held by implication.[2]
Somewhat analogous to the instant case, an attempt was made in Mullarkey v. Florida Feed Mills, Inc., 268 So.2d 363 (Fla. 1972), to avoid the exclusive liability clause of the Workers' Compensation Act. There the non-dependent parent and personal representative of a deceased minor employee sought to bring against the employer a cause of action under the Survival Statute and the Wrongful Death Statute. The court held that the deceased minor employee, having brought himself within the benefits of the Workmen's Compensation Act, bound himself as well as his representative and survivors to the employer's exclusive liability provision of the Act. In reaching that decision, the court quoted from its earlier decision, Howze v. Lykes Bros., Inc., 64 So.2d 277 (Fla. 1953), as follows:
"Appellant contends that it was not the purpose of the Workmen's Compensation Act to exclude the father from recovering damages for mental pain and suffering in a case like this, but we think Section 440.11, F.S.A. [the exclusiveness of liability section] is a complete answer to this contention. The philosophy of workman's compensation is that when employer and employee accept the terms of the act their relations become contractual and other statutes authorizing recovery for negligent death become ineffective. [citations omitted]"
Appellant also argues that workers engaged in hazardous occupations are not only more likely to be seriously injured in their employment, but generally, in recognition of the added hazard, receive significantly higher pay, and thus, if limited to the provisions of the Workers' Compensation Act when injured on the job, the hazardous occupation worker is unfairly discriminated against because of the limited benefits available under workers' compensation. That sociological argument is better addressed to the legislature. In any event, a somewhat similar argument, although not directly involving the Hazardous Occupations Act, was rejected in Matthews v. G.S.P. Corp., 354 So.2d 1243 (Fla. 1st DCA 1978), where a worker unsuccessfully sought to avoid the exclusive liability provision of the Workers' Compensation Act because of the dangerous conditions under which he worked and the alleged willful and wanton negligence of the employer.
Despite the absence of reported decisions of Florida appellate courts on the issue, the identical issue has been determined adversely to appellant's position by the federal courts. In Macarages v. Raymond Concrete Pile Company, 220 F.2d 891 (5th Cir.1955), the court held that the exclusive liability provision of Section 440.11, Florida Statutes, was not the type of "contract, contrivance or device" prohibited in Section 769.06, Florida Statutes.[3] In reaching this decision, the court quoted language from the case of Winn-Lovett Tampa, Inc. v. Murphree, 73 So.2d 287 (Fla. 1954), stating (under a different context from that involved in this case) that the Workmen's Compensation Act is implicit in every employer-employee relationship irrespective of the nature of the employment. While not binding, the federal court decision is at least persuasive authority.
AFFIRMED.
ERVIN, J., and LILES, WOODIE A. (Retired), Associate Judge, concur.
NOTES
[1] The complaint did not on its face assert that the employer had secured workers' compensation benefits for the injuries sustained by plaintiff. Furthermore, the unverified motion to dismiss does not allege that benefits were secured to plaintiff under the Workers' Compensation Act, although it implies as much by asserting that plaintiff's exclusive remedy is under the Workers' Compensation Act. Normally, affirmative defenses, unless appearing on the face of a prior pleading, are not asserted as grounds for a motion to dismiss but are pleaded affirmatively in the appropriate responsive pleading. See Rule 1.110(d), Fla.R.Civ.P. The parties, in their respective briefs, state as a fact that the plaintiff was covered under the provisions of the Florida Workers' Compensation Act and did in fact receive benefits under that Act. Furthermore, they make no complaint as to the procedural manner in which this substantive issue was presented to the court for a ruling.
[2] Jones v. Seminole Rock Products, Inc., 295 So.2d 655 (Fla. 3d DCA 1974), and Dotson v. Container Corp. of America, 254 So.2d 863 (Fla. 1st DCA 1971), each affirmed, without opinion, the judgment appealed, citing as authority Macarages v. Raymond Concrete Tile Company, 220 F.2d 891 (5th Cir.1955), discussed infra.
[3] "Any contract, contrivance or device whatever, having the effect to relieve or exempt the persons mentioned in s. 769.01 from the liability prescribed by this chapter shall be illegal and void."