PER CURIAM.
Destin appeals the trial court’s denial of his petition for a Writ of Mandamus. He seeks to compel Joe A. Flowers, Comptroller of Escambia County, to pay him $20,000 as provided in a special act passed by the legislature authorizing such payment for his work related injuries. We reverse.
Appellant was injured while employed as a road crew correctional guard in 1967. He received appropriate worker’s compensation benefits for permanent partial disability. Subsequently, appellant’s condition worsened and his disability rating was increased by 10 to 15%. Escambia County’s insurance carrier tried to settle the worker’s compensation claim for permanent partial disability, but appellant refused arguing he was permanently and totally disabled.
Destin approached the Escambia County Commission with his problem and it agreed to pay him $25,000 for his disability if he would settle the compensation claim for permanent partial disability as offered by the insurance carrier. The county sought and secured passage of a special bill in the legislature authorizing payment to Destin.
After the effective date of the bill’s passage, Destin settled his worker’s compensation claim for $10,000 giving up the right to a worker’s compensation hearing and the right to any further benefits. He also took an early medical retirement from the county. At the hearing below, Destin testified he was told by the insurance carrier’s attorney that the insurance settlement would not affect the special bill authorizing payment to him. Appellant understood that if he settled with the carrier, the county would pay their part for his injuries as authorized in the bill.
The county passed a resolution appropriating $20,000 to appellant. The comptroller refused payment arguing appellant’s exclusive remedy for a job related injury was Chapter 440, Florida Statutes (1979), the Worker’s Compensation Law, and that any appropriation of county funds to Destin would be an unconstitutional gift of public funds to a private individual.
The trial court denied appellant’s petition finding that his exclusive remedy was Chapter 440 .and that appellant received all of the benefits he was entitled to under the Act. The court further found that the appropriation of public funds to appellant would constitute an unconstitutional gift contrary to Article III, Section 11 and Article VII, Section 9 and 10, Florida Constitution.
*490 Generally, the law as found by the trial judge and espoused by the comptroller is correct. An injured worker’s exclusive remedy is Chapter 440. See Crosby v. Regional Utility Board of Gainesville, 400 So.2d 1024 (Fla. 1st DCA 1981); Section 440.11 Fla.Stat. (1979). Since an injured worker’s exclusive remedy is the Worker’s Compensation Act, he has no entitlement to a special appropriation of public funds for a work related injury. Any such appropriation would be an unconstitutional gift, contrary to Article III, Section 11 and Article VII, Section 9 and 10.
However, the peculiar factual circumstances of the case below mandate reversal because the appropriation of county funds to Destín in this particular case is not a gratuity. Appellant gave valuable consideration for the special appropriation by the legislature. Based on the promises of the County Commission to seek and secure a special appropriation for his injuries, he was induced into compromising his worker’s compensation claim by waiving judicially enforceable rights. He relied on the county’s promises in giving up his right to a worker’s compensation hearing to determine the extent of his injury and his entitlement to appropriate compensation for the injury. He also gave up the right to any further benefits should his condition worsen, and he took an early medical retirement from the county in reliance upon receiving the special appropriation. Therefore, we hold the special appropriation is not a gratuity, but, instead, it is a settlement supported by valid consideration. The trial judge’s order is reversed and the cause is remanded with instructions to grant appellant’s petition for a writ of mandamus compelling the comptroller to pay the sum appropriated by the county to him.
Further, an employer, through its actions, may be estopped from claiming the defense of the exclusivity provision of the Worker’s Compensation Act. See Quality Shell Homes and Supply v. Roley, 186 So.2d 837 (Fla. 1st DCA 1966). We further hold that Escambia County, by its actions in inducing Destín to compromising his worker’s compensation claim and take an early medical retirement, is estopped from claiming Section 440.11, Florida Statutes (1979) as a defense to the action below.
MILLS, SHAW and JOANOS, JJ., concur.