COBB, Judge.
This cause arose when a truck driven by the appellant was allegedly run off the road by an unidentified motor vehicle. The appellant, Charlie Richmond, sued his employer, Drum Service Company of Florida and its liability and worker’s compensation insurance carrier, Liberty Mutual Insurance Company, alleging, inter alia, that section 440.15(3), Florida Statutes (1981), is unconstitutional and that, at the time of his accident, he was engaged in a hazardous occupation, thereby allowing him to by-pass the exclusive liability provision of Chapter 440. Appellant also alleges uninsured motorist coverage against the carrier on the frivolous theory that the vehicle owner’s rejection of such coverage was not a knowing and willing rejection because the owner did not know, and was not advised, that the terms of worker’s compensation coverage had been revised by the state legislature and was subject to constitutional challenge. He also erroneously contends that a written rejection by the insured is mandatory.[1] See Kimbrell v. Great American Ins. Co., 420 So.2d 1086 (Fla.1982); Liberty Mutual Ins. Co. v. Wright, 406 So. 2d 1261 (Fla. 4th DCA 1981), review denied, 413 So.2d 877 (Fla.1982); Del Prado v. Liberty Mutual Ins. Co., 400 So.2d 115 (Fla. 4th DCA), petition for review dismissed, 407 So.2d 1105 (Fla.1981); Glover v. Aetna Ins. Co., 363 So.2d 12 (Fla. 1st DCA 1978). The named insured and the agent agree that no factual dispute is present as to the offer and knowing rejection of uninsured motorist coverage. Therefore, the summary judgment adverse to the appellant was properly entered.
We find no merit in appellant’s constitutional attack on the wage loss provision of section 440.15(3), Florida Statutes (1981), originally enacted in 1977. See Carr v. Central Florida Aluminum Products, Inc., 402 So.2d 565 (Fla. 1st DCA 1981). Moreover, based on the briefs submitted on this appeal, Richmond apparently lacks standing to raise this constitutional attack for the reason that his worker’s compensation claim in regard to this incident is still pending. See Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park, Inc., 361 So.2d 695 (Fla.1978).
The appellant also contends that the summary judgment entered below was erroneous for the reason that Chapter 769, the Hazardous Occupations Act, removes him from the applicability of the exclusive liability provision of section 440.11, Florida Statutes (1981). This argument fails in three respects. First, we fail to see that driving a truck is encompassed by Chapter 769. Secondly, the complaint failed to allege any causative negligence by Drum. Third, even if Richmond had been injured by the negligence of his employer while engaged in a hazardous occupation, we would still agree with the well-reasoned opinion of Judge Owen in the recent case of Crosby v. Regional Utility Board, City of Gainesville, 400 So.2d 1024 (Fla. 1st DCA 1981). Crosby concluded that an injured employee is limited to the remedies of the Worker’s Compensation Act, with the Hazardous Occupation Act, originally enacted in 1913, remaining an alternative remedy available for those workers in hazardous occupations who sustain injury in the course and scope of employment and whose employer’s liability for some reason does not enjoy the section 440.11 limitation.
AFFIRMED.
ORFINGER, C. J., and FRANK D. UP-CHURCH, Jr., J., concur.

. Section 627.727(1), Florida Statutes (1981), reads in part:
However, the coverage required under this section shall not be applicable when, or to the extent that, any insured named in the policy shall reject the coverage.
This language was amended by chapter 82-243, section 544, Session Laws (1982) (effective Oct. 1, 1982), to read as follows:
. .. any insured named in the policy shall reject the coverage in writing.