PER CURIAM.
This case was decided by the trial court based upon the parties’ “Stipulation as to Agreed Facts and Issues to be Determined.” Therefore, we must determine whether the facts in the stipulated statement support the trial court’s ruling. See generally Columbia Bank for Cooperatives v. Okeelanta Sugar Cooperative, 52 So.2d 670 (Fla.1951); Allstate Insurance Co. v. Duffy, 237 So.2d 225 (Fla. 3d DCA 1970); 2 Fla.Jur.2d “Agreed Case and Stipulations” § 15 (1977).
According to the stipulated statement, First Union is the trustee of a testamentary trust established under the will of Bennett Samson. There are a number of beneficiaries, who are divided into two classes: lifetime income beneficiaries and vested remainder beneficiaries. Mr. Samson died in 1959, and the trust has been in effect since that time. First National Bank of Palm Beach administered the trust until its merger with First Union in 1993. For many years, capital gains arising from the sale of trust assets had been allocated to principal, however, in July, 1993, the trust officer for First Union who assumed administrative responsibility for the trust notified eight income beneficiaries that he would be disbursing to them the profits from the sale of securities, representing capital gains in the amount of $42,653.87. After the distribution took place, and after another First Union trust officer took over responsibility for the trust in March, 1994, First Union received demands from some income beneficiaries to distribute prior capital gains. First Union obtained an opinion from Mr. Grimsley of Mahoney, Adams, & Criser, to the effect that capital gains should be allocated to principal under the terms of the trust. In other words, the July, 1993 distribution of capital gains had been in error. Since some of the income beneficiaries were not satisfied with this interpretation, First Union initiated proceedings to resolve the ambiguity in the trust.
The issues submitted to the trial court for determination were whether capital gains were properly allocated to income or principal; whether, if they were properly allocated to principal, the income beneficiaries or the trustee should be required to reimburse the trust in the amount of the principal distributed; and whether the trust, the trustee, or the income beneficiaries should be responsible for attorneys’ fees.
The court determined that capital gains were properly allocated to principal, and that ruling is not in dispute on appeal. The court recognized that in general, an incorrect distribution should be offset against the income beneficiaries’ income interest until the distribution is restored to the trust, but found that this case came within the exception to the general rule for cases in which the beneficiary has so changed position that it is inequitable to compel repayment. The court found that the distribution was not simply an honest mistake, but that the trustee had acted negligently, and determined that the trustee would be held liable for the loss to the trust due to its actions, based on the trustee’s negligence, the length of time that passed between the distribution and discovery of the error, the significant size of the distribution, and the disposition of the funds distributed. Because the stipulated statement of agreed facts is silent as to the disposition of the distribution by the beneficiaries, we reverse the trial court’s ruling that it was inequitable to compel repayment. The distribution should be offset against the beneficiaries’ income interest until the distribution is restored to the trust.
In general, a beneficiary is obligated to restore an overpayment to the trust, un *847 less the trastee made the overpayment dishonestly, or the trustee made the overpayment in good faith but the beneficiary has changed his or her position such that it would be inequitable to compel repayment. See Brent v. Smathers, 547 So.2d 683 (Fla. 3d DCA 1989), citing the Restatement (Second) of Trusts § 254 comment e (1957). There is no suggestion of dishonesty in the present case; the trial court’s ruling is based on the latter exception.
Appellees point out that the trial court addressed each of four criteria for determining whether inequity would result, which are discussed in the Restatement (Second) of Trusts § 254 comment d (1957). These criteria are: (1) the disposition made by the beneficiary of the amount overpaid; (2) the amount of overpayment; (3) the nature of the error by the trustee, and whether he was negligent; (4) the time that has elapsed since overpayment. We agree with appellant that before the court may look at these criteria for determining whether inequity will result, there must be evidence of change of position. Such evidence is lacking in the present ease, as is any evidence of the disposition made by the beneficiaries of the amount overpaid.[1]
With regard to attorneys’ fees, the trial court ruled that the trust would be responsible for the reasonable fee incurred for the opinion letter from Mahoney, Adams & Criser initially construing the trust, but that the trustee would be responsible for the balance of the attorneys’ fees incurred by the trustee due to the litigation. The court further ruled that the trustee would be responsible for the attorneys’ fees incurred by the income beneficiaries. The appellees have conceded that in the event of reversal of the underlying ruling, reversal and remand would also be required as to the award of fees to be paid by the trustee for the fees incurred by the income beneficiaries as the prevailing party. With regard to the remainder of the fees incurred by the trustee, however, we affirm the trial court’s ruling on the theory that the trustee did not demonstrate “that the expense was reasonably necessary and was incurred for the benefit of the trust.” Barnett Banks Trust Co. v. Compson, 629 So.2d 849 (Fla. 2d DCA 1993) citing Ball v. Mills, 376 So.2d 1174 (Fla. 1st DCA 1979), cert. denied 388 So.2d 1116 (Fla.1980).
AFFIRMED in part, REVERSED in part, and REMANDED.
BOOTH, JOANOS and WOLF, JJ., concur.

. At oral argument, counsel for appellant assured the court that to the extent the trust has been harmed by the trustee’s error in making this distribution, it is obliged to make the trust corpus whole. The trustee, rather than the beneficiaries, will be required to make the trust whole due to any loss of interest caused by the erroneous distribution or because of differential tax rates, for example. The beneficiaries are required to repay the trust only the net overpayment, less any taxes they paid, and in fact, will not be required to make out-of-pocket repayment to the trust at this point; rather, the overpayment will be treated as an advancement on future distributions.