73 So.2d 287 (1954)
WINN-LOVETT TAMPA, Inc., et al.
v.
MURPHREE et al.
Supreme Court of Florida. Special Division A.
June 18, 1954.
*288 Marks, Gray, Yates & Conroy, Jacksonville, and Clayton, Arnow, Duncan & Johnston, Gainesville, for relators.
Carlos E. Harper and Scruggs & Carmichael, Gainesville, for respondents.
TERRELL, Acting Chief Justice.
Fred Fox, a minor fifteen years of age, while employed by relators had his right hand, wrist and part of his forearm ground up in a power driven meat grinder, causing him excruciating pain, mental suffering and permanent injury as well as reduction of his earning capacity. Joined by his next friend, he brought this suit to recover damages for personal injuries. A motion to dismiss the complaint as amended was denied. A second amended complaint was proffered and relators filed their suggestion for prohibition in this court. A rule nisi was issued to which respondents have filed returns. The returns challenge the contention of relators that the Circuit Court is without jurisdiction of the cause.
The primary question is whether or not the Workmen's Compensation Act, F.S.A. § 440.01 et seq., provides the exclusive remedy for the minor to recover damages for his injury. There is of course the incidental question of whether or not the minor's next friend, in this case his mother, is limited to the Workmen's Compensation Act to recover damages for injury to her son.
Respondents contend that the case is ruled by Smith v. Arnold, Fla., 60 So.2d 281, and being so, the minor is not limited to Workmen's Compensation Act for relief, but may sue at common law, while relators contend that, account of different factual bases from the case at bar, Smith v. Arnold is not controlling. The latter contention takes into account the effect of F.S. § 450.111 (4), F.S.A. and other amendments to the Child Labor Act, F.S.A. § 450.011 et seq.
The gist of our holding in Smith v. Arnold is summarized in headnotes 2 and 3 as follows:
"2. Employer, choosing to employ children, has duty to child and to society to comply with Child Labor Laws, and if he fails in that duty, he assumes full responsibiliy and cannot hide behind protection of Workmen's Compensation Act. * * *
"3. An action for wrongful death of nine year old child employed in violation of child labor law was maintainable notwithstandig provisions of Workmen's Compensation Act."
Out of deference to this holding the trial court refused to dismiss the suit of the minor and limit him to his remedy under Workmen's Compensation Act. Relators contend that this holding was in error because the minor in Smith v. Arnold was nine years old and unemployable under Child Labor Act for any purpose, while the minor in the case at bar was fifteen years of age and employable for some purposes *289 under the Child Labor Act. Relators also contend that the "Waiver" provision of Section 450.111(4), F.S., Child Labor Act, 1953, F.S.A., made the minor in the case at bar employable.
Response to this contention requires consideration of the following statutes: Section 440.02(2), Workmen's Compensation Act, defining employees:
"* * * every person engaged in an employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written * * * including minors whether lawfully or unlawfully employed, * * *." (Emphasis added.)
Section 440.11, Workmen's Compensation Act, relative to liability of employer:
"The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, * * *."
Section 440.54, Workmen's Compensation Act, relative to additional compensation to minors employed in violation of the Child Labor Law:
"If the commission determines that the injured employee at the time of the accident is a minor employed, permitted or suffered to work in violation of any of the provisions of the child labor laws of Florida, the employer shall, in addition to the normal compensation and death benefits provided by this chapter, pay such additional compensation as the commission may determine according to the circumstances of the case or the seriousness of the violation, provided that the total compensation so payable shall not exceed double the amount otherwise payable under this chapter. * * *"
Section 450.021, 1953 amendment to Child Labor Law, says who may be employees:
"Except as provided in § 450.011, no person under ten years of age shall be employed, permitted or suffered to work in any gainful occupation at any time, and no person under fourteen years of age shall be employed, permitted or suffered to work in any gainful occupation during the hours when the public schools are in session, whether such person's disabilities of nonage, have been removed by marriage or otherwise."
Section 450.061, 1953 amendment to Child Labor Law, minors working in certain employments:
"(1) No minor under sixteen years of age, whether such person's disabilities of nonage have been removed by marriage or otherwise, shall be employed, permitted or suffered to work in the following occupations:
"(a) In connection with power-driven machinery;
* * * * * *
"(h) In oiling, cleaning or wiping machinery or shafting or applying belts to pulleys; * * *."
Section 450.111(4), 1953 amendment to Child Labor Laws, provides that:
"When any minor between twelve and sixteen years of age who is entitled to an employment certificate or special certificate of employment during vacation or out-of-school hours as provided in this section, or any minor between sixteen and twenty-one years of age, is barred from available employment by any other provision of this chapter, and it is shown to the satisfaction of the commission that it is necessary for such minor to work in such employment to support or assist in supporting himself or his family in order to avoid extreme hardship, the commission may, subject to such conditions, limitations, and restrictions as it may determine, appropriate, waive any provisions to this chapter which may be necessary in order to permit such minor to work in such employment; provided that no such waiver may be granted to permit any person to work in any place of employment or *290 at any occupation which the commission deems would be hazardous or injurious to the life, health, safety, morals or welfare of such person, and provided further that no such waiver may be granted to permit any person under sixteen years of age to work in any employment prohibited under the provisions of 450.071 of this chapter. * * *"
The commission shall prescribe the form of the certificate, the manner of applying for it, one copy of which shall be sent to the county superintendent of the county where employment is secured.
An examination of these statutes, particularly Sections 450.021, 450.061 and 450.111(4) reveals that the minor in this case was of employable age and that he was under the age permitted to work with power driven machinery, absent the permit required by Section 450.111(4), 1953 amendment to Child Labor Laws. He was therefore "unlawfully employed." If injured, can such a minor sue at law for personal injury or is he limited to Workmen's Compensation Act to seek recovery? An examination of Section 440.02(2) defining employee, Section 440.11 limiting liability of the employer, and Section 440.54 providing additional compensation to minors employed in violation of the Child Labor Law, forces the conclusion that the minor is limited to his remedy under Workmen's Compensation. Section 440.11 says so in no uncertain terms and the language of Section 440.54 amply fortifies this conclusion. The terms of these provisions of the Workmen's Compensation Act and the Child Labor Act present a perfectly logical nexus between the two acts that requires them to be read together and when so read, there is no escape from this conclusion.
The purpose of the Workmen's Compensation Act as defined by this and other courts supports the thesis of exclusive coverage. Protectu Awning Shutter Co. v. Cline, 154 Fla. 30, 34, 16 So.2d 342; Duff Hotel Co. v. Ficara, 150 Fla. 442, 7 So.2d 790. Respondents have cited no decision to the contrary and in every state with acts similar to ours, the courts have consistently held the minor's remedy where he was employable under the Workmen's Compensation Act was exclusive whether he was legally or illegally employed. Foth v. Macomber and Whyte Rope Co., 161 Wis. 549, 154 N.W. 369; Lutz v. Wilmanns Bros. Co., 166 Wis. 210, 164 N.W. 1002; Rasi v. Howard Mfg. Co., 109 Wash. 524, 187 P. 327; Robilotto v. Bartholdi Realty Co., 104 Misc. 419, 172 N.Y.S. 328; Lopez v. King Bridge Co., 108 Ohio St. 1, 140 N.E. 322; Horn v. Planters' Products Co., 40 Ga. App. 787, 151 S.E. 552; Chapman v. Railway Fuel Co., 212 Ala. 106, 101 So. 879. Many other jurisdictions, more than 30, follow this rule. See table No. 5, 2 Larson, Workmen's Compensation Law, page 518, 519.
It is true that in a very few states an illegally employed minor has the option by statute to bring a suit at common law or to claim compensation and other benefits under their Workmen's Compensation Acts. In a few states the statute is entirely silent as to the remedy of an illegally employed minor, but even in those states it has been held that the minor's remedy under the act was exclusive. Greenberg v. Guiliano, 131 Conn. 157, 38 A.2d 436; Humphries v. Boxley Bros. Co., 146 Va. 91, 135 S.E. 890, 49 A.L.R. 1427. Some states by statute have expressly excluded illegally employed minors from the protection afforded by the Act.
There are some Florida cases in which compensation under the Act has been awarded to minors employed in violation of the Child Labor Law. Lollie v. General American Tank Storage Terminals, 160 Fla. 208, 34 So.2d 306; Shipp v. Ferrens Tree Surgeons, Inc., Fla., 72 So.2d 387. This court has also upheld additional compensation awards to illegally employed minors under the penalty provision of the Workmen's Compensation Act. Bituminous Casualty Corp. v. Clements, 148 Fla. 175, 3 So.2d 865, noted 142 A.L.R. 1027. These cases had to do with minors of an employable age where the question of jurisdiction was not raised. This brings us to Smith v. Arnold, supra., the only case in Florida in *291 which the jurisdiction has been raised where a minor was employed in violation of the Child Labor Laws.
Smith v. Arnold has been criticised for having reached an equitable conclusion by judicial legislation. 7 Miami Law Quarterly 278 and 38 Cornell Law Quarterly 476. The point was whether or not an action for wrongful death of a nine year old child employed in violation of the Child Labor Law could be pursued at law notwithstanding the Workmen's Compensation Act. The child was not legally permitted to work under the law of this state for any purpose. The case was decided before the enactment of F.S. § 450.111(4), F.S.A., permitting a waiver and securement of a certificate for certain employments. The trial court in the instant case did not think this amendment material because, said he, the Industrial Commission would never have issued a 15 year old boy a permit to work with power driven machinery. There may be substance to this, but the fact remains that when the quoted acts are read and interpreted in sum, any other interpretation than the one given would render meaningless Section 440.02(2) defining employees as including unlawfully employed minors 440.54, relating to additional compensation for minors employed in violation of the Child Labor Law.
The contract of employment under the Workmen's Compensation Act is statutory and the act is implicit in every employer-employee relationship irrespective of the nature of the employment or the age of the employee. Such statutory contract arises not by consent or agreement of the parties but comes into being whether consent to be employed or to employ can legally be given under the Child Labor Laws. We cannot in the teeth of the express language of F.S. § 440.11, F.S.A., hold that an unlawfully employed minor is entitled to bring a suit at common law and also hold that an unlawfully employed minor is entitled to the protection of the Workmen's Compensation Act. Such optional remedies are inconsistent with the express command of the statute. Such ambiguity as does exist must be resolved as the cases cited herein so hold in favor of the coverage of the Workmen's Compensation Act. Any distinction made on the basis of age or nature of employment would be unwarranted in view of the use of the term "lawfully or unlawfully employed" minors. Anything said in Smith v. Arnold contrary to the views stated in this opinion is expressly overruled.
As to exclusiveness of liability of the employer, the Workmen's Compensation Act in general favors the employee. The husband or wife, parents or other legal representative may file claims and the exclusive remedy provided has been frequently employed to bar suits at law for loss of services of minors. The cases herein cited and many others support this thesis. The contra cases hold that the third party is permitted either by statute or case law to sue at law. Kimpel v. Garland Anthony Lumber Co., 216 Ark. 788, 227 S.W.2d 932; Wall v. J.W. Starr & Sons Lumber Co., 68 Ga. App. 552, 23 S.E.2d 452; Hilsinger v. Zimmerman Steel Co., 193 Iowa 708, 187 N.W. 493; Wall v. Studebaker Corp., 219 Mich. 434, 189 N.W. 58; Buonfiglio v. R. Neumann Co., 93 N.J.L. 174, 107 A 285; Monteleone v. Center Storage Warehouses, Inc., Sup., 68 N.Y.S.2d 369; Contra: Miller v. Hotel Savoy Co., 228 Mo. App. 463, 68 S.W.2d 929; Allen v. Trester, 112 Neb. 515, 199 N.W. 841; King v. Viscoloid Co., 219 Mass. 420, 106 N.E. 988. The exclusive remedy of the compensation law has been applied to bar suits for expenses of caring for the injured spouse or child. Novack v. Montgomery Ward & Co., 158 Minn. 505, 198 N.W. 294; Houston Pipe Line Co. v. Beasley, Tex.Civ.App., 49 S.W.2d 950; Deluhery v. Sisters of St. Mary, 244 Wis. 254, 12 N.W.2d 49; cf Danek v. Hommer 9 N.J. 56, 87 A.2d 5; contra King v. Viscoloid Co., supra; See 2 Larson, Workmen's Compensation Law, 514-521. Little need is there for us to comment upon the power of the legislature to abolish the remedies under common law where no violation of constitutional rights are involved. F.S. § 440.11, F.S.A., is so clear in its application to the facts of the instant case that further amplification in this regard is unnecessary.
*292 Respondents urge six questions to combat this view. They contend first that the contract of employment was in violation of Section 450.061, that the interpretation placed on F.S. § 450.111(4), F.S.A., is untenable and unconstitutional and that until changed by Act of the Legislature, the right to sue at law should not be disturbed. From what has been said it is perfectly evident that these considerations have not been overlooked. The statute covers those legally and illegally employed, and bars suits by those entitled to sue at common law.
It follows that respondents were limited to their remedy under Workmen's Compensation Act, that the Circuit Court was without jurisdiction of the cause so the writ of prohibition must be and is hereby granted.
It is so ordered.
SEBRING, MATHEWS and DREW, JJ., concur.