170 So.2d 445 (1964)
Gus P. STRICKLAND, Petitioner,
v.
AL LANDERS DUMP TRUCKS, INC., Maryland Casualty Company and Florida Industrial Commission, Respondents.
No. 33368.
Supreme Court of Florida.
December 21, 1964.
Rehearing Denied January 28, 1965.
*446 Richard A. Sicking and Kaplan, Ser, Abrams & O'Malley, Miami, for petitioner.
Knight, Smith, Underwood & Peters, Miami, Patrick H. Mears, Tallahassee, and J. Franklin Garner, Lakeland, for respondents.
O'CONNELL, Justice.
The claimant, Gus P. Strickland, seeks review of an order of the Florida Industrial Commission affirming an order of the deputy commissioner denying his claim for workmen's compensation benefits.
Claimant, the owner-driver of a dump truck, was, at the time of his injury, a hauler with the respondent, Al Landers Dump Trucks, Inc. The respondent appears to be an "association" of truckers in which members pay an entrance fee and monthly dues presumably for the right to get on the working line.
Earnings were figured once a week by the respondent, and were based on the *447 weight of materials hauled and the distance traveled. From the weekly gross earnings, the respondent deducted its commission, a percentage for automobile liability insurance, and a percentage for workmen's compensation insurance.
At the time of his injury, Strickland was engaged in the hauling of cement being used in the construction of the North-South Expressway in the City of Miami; a job Al Landers Dump Trucks, Inc., had obtained from the road contractor.
During a day of hauling, cement and solid concrete had a tendency to accumulate in the hopper-compartment of the truck. The state road inspectors had given instructions that any loads of cement containing hardened cement or concrete would be rejected; therefore, it was necessary that, before going to work each day, the accumulated particles of hardened cement be removed from each truck. The respondent required each hauler to do this each day.
On August 4, 1961, petitioner finished his hauling and drove his truck home. He began to clean the truck, as was the custom, by beating out the accumulated matter with a sledge hammer and chisel. The complained of injury was sustained when, after climbing out of the truck, Strickland stooped to pick up a water hose in order to wash out the interior of the truck, and started to pull out the tailgate. Upon starting to straighten up, he found that he was unable because of a severe pain in his lower back.
Petitioner testified that he was physically unable to operate his dump truck after the injury, and that he ultimately was forced to sell it. Moreover, because of his physical condition, he could not work regularly at any type of employment. On May 31, 1962, he filed his claim for compensation benefits.
The deputy commissioner's denial of the claim was based on a finding that the petitioner was an independent contractor, and that despite the fact the respondent voluntarily furnished workmen's compensation coverage, the petitioner still was not entitled to compensation benefits, because he was engaged in personal work, and not the work of his employer, at the time of his accident.
The petition before us raises the following issues:
(1) Whether claimant was, at the time of his injury, an independent contractor or an employee
(2) Whether the accident was one arising out of and in the course of employment.
(3) Whether the deputy's finding of average weekly earnings was supported by competent, substantial evidence.
(4) Whether payments should be allowed to petitioner's physician for services rendered.
With respect to the first issue, i.e., whether claimant was an employee or an independent contractor, we accept the deputy's finding that claimant occupied the status of an independent contractor.
Ordinarily this would exclude claimant from the provisions of the Workmen's Compensation Act. But in this case, the respondent voluntarily caused a policy of workmen's compensation insurance to be issued covering claimant. Under the provisions of Section 440.04(3), F.S.A., the acceptance of the policy by the respondent and the writing of it by the carrier constitute a waiver of the exclusion of claimant from the Act and operate to bring the claimant under its coverage.
Having concluded that the claimant is entitled to the benefits of the Act the next issue for decision is whether the claimant's activity at the time of his injury was reasonably related to the performance of his contract with the respondent.
*448 We have not previously been required to decide the scope of coverage of the activities of one who is not an "employee" within the meaning of the Act, but who is nevertheless entitled to its benefits.
Claimant, although contending in the alternative that his injury occurred within the scope of his employment under the traditional test, argues that the range or scope of the coverage afforded the activities of an independent contractor, who is covered by the Act, is broader than in the case of a true employer-employee relationship.
There is merit to this argument. It would be illogical to determine that one who is in fact an independent contractor, not an employee, is entitled to coverage under the Act, but then measure activity leading to the injury by the test of scope and course of employment as if the individual were an employee.
In the final analysis, however, we think it makes little difference whether the test applied is whether the claimant was injured in activity within the scope or course of his employment or independent contractorship. In applying either test, the objective is to determine the relationship between the claimant's activity and the employer's or the principal's business.
The critical factor in either test is whether the activity of the claimant at the time of the injury was in response to some duty the claimant owed to the employer or principal and it makes no difference whether the duty arose out of a contract of employment or an independent contract.
We come then to the factual issue of whether the daily cleaning of the hoppers of his truck was an activity reasonably related to the performance of claimant's contract with the respondent. We think it was.
The record shows, and there is no contrary evidence, that the respondent, Al Landers Dump Trucks, Inc., specifically required that claimant daily clean the hardened cement from the hoppers of his truck. Respondent provided facilities for this, but consistent with the independent contractorship, claimant was free to perform this duty anywhere he pleased. He chose to do it at home. This does not transform performance of this work from a duty into personal work.
There is no question but that claimant had the duty imposed on him by respondent to clean the hoppers of his truck each day. We fail to understand how activity satisfying this duty can be said to be personal work outside the risks incident to performing the contract between claimant and respondent.
We therefore conclude that claimant's injury arose out of and in the course of performance of his obligations to the respondent under the contract found to exist between them.
We recognize that in cases involving the truck hauler-independent contractor, or the truck hauler who owns his truck yet is an employee, it is sometimes difficult to clearly distinguish between activity that is specifically related to the work of the employer or principal and that which is general maintenance that the truck owner must perform to keep his truck operating. Each such case must be decided on its facts and circumstances. In the instant case, we do not have this problem for the activity in question was in response to a specific requirement of the contract relationship between the parties.
We turn now to the collateral issues raised by the claimant concerning average weekly earnings and allowance of medical services.
The deputy commissioner found that the claimant's average weekly earnings after deduction of expenses connected with the operation of the truck were seventy dollars per week. Complete evidence of the operating expenses and depreciation was not furnished to the deputy, and, although the claimant had not worked with the respondent *449 for thirteen weeks prior to the injury, a record of earnings of a similar member of the association was not presented at the hearing.
Section 440.14(2), F.S.A., is very clear in its prescription that, if the injured party has not worked the thirteen weeks immediately preceding the injury, the wages of a similar individual in the same employment who has worked substantially all of thirteen weeks are to be used to make the determination of average weekly wages. On remand of this cause, it is directed that the parties be given the opportunity to submit evidence on this point and that a finding be made consistent with the provisions of this statute.
The deputy commissioner also found that the claimant was not entitled to payment of his bill for medical services, because of his physician's failure to file medical reports as prescribed by Section 440.13(1), F.S.A. Claimant challenges the finding on the ground that the failure to file was excusable, because the respondent did not, at any time, offer to supply medical services.
Claimant misinterprets the statute. Section 440.13(1) provides that an injured employee may select his own physician and require the employer to reimburse him or pay the physician for medical services only (1) if the employee requests and the employer refuses to furnish such services, and (2) the physician rendering the services to the employee files the reports required by the statute, or the failure to file the reports is excused for good cause shown.
We agree with the deputy and the Full Commission that refusal of the employer to furnish medical services is not good cause to excuse the failure to file the required medical reports.
In summary, we hold that the claimant Strickland obtained the benefits of workmen's compensation insurance by reason of the waiver provisions of Section 440.04 (3), F.S.A.; his accident arose out of and in the course of his contractual obligation to Al Landers Dump Trucks, Inc.; the deputy's finding of average weekly earnings was not supported by competent, substantial evidence; and the payment of medical bills was not justified because of failure to file medical reports.
Accordingly, the petition for writ of certiorari is hereby granted in part and denied in part and the order of the Industrial Commission is quashed in part and sustained in part, and the cause remanded for further proceedings consistent herewith.
DREW, C.J., and THORNAL, CALDWELL and ERVIN, JJ., concur.