561 So.2d 1358 (1990)
UNITED SELF INSURED SERVICES, Appellant,
v.
Mark FABER[*], Reedy Carpets and Florida Department of Labor & Employment Security, Division of Workers' Compensation, Appellees.
UNITED SELF INSURED SERVICES, Appellant,
v.
Jeff SLAWKAWSKI, Reedy Carpets and Florida Department of Labor & Employment Security, Division of Workers' Compensation, Appellees.
Nos. 88-3193, 89-1072.
District Court of Appeal of Florida, First District.
June 7, 1990.
Dwight Chamberlin and Charles D. Hood, Jr., of Monaco, Smith, Hood & Perkins, Daytona Beach, for appellant.
Edward H. Hurt, Jr. of Hurt & Parrish, Orlando, Bill McCabe of Shepherd, McCabe & Cooley, Longwood, Thomas A. Moore, Orlando, for appellees.
SMITH, Judge.
In this consolidated appeal, United Self Insured Services (USIS) seeks reversal of two orders awarding compensation benefits, contending that the judges of compensation claims erred in finding that USIS was estopped from denying coverage to claimants. We affirm.
Claimants installed carpets for Reedy Carpets and were injured on the job. At the time they were injured, Reedy Carpets was withholding money from their paychecks for workers' compensation coverage. After claims were filed, USIS defended on the ground that there was no coverage provided by Reedy Carpets for these *1359 installers because they were not covered employees under the terms and conditions of the policy issued to Reedy Carpets.
Dan Reedy, president of Reedy Carpets, obtained workers' compensation insurance from Agent Ken Enlow, vice president of Brown & Brown, who is authorized to write coverage for the Florida Health and Human Resources Fund (FHHRF). USIS is the servicing agent for FHHRF and is a wholly-owned subsidiary of Brown & Brown. Richard Valdez is an officer with USIS and also executive vice president with Brown & Brown.
Prior to entering into its insurance contract with FHHRF, and in order to protect itself from liability, Reedy Carpets routinely withheld a percentage of an installer's pay to cover any workers' compensation premiums if the installer could not prove he had coverage. Mr. Reedy understood that under his contract with FHHRF his practice of sometimes covering the installers would continue. While Mr. Reedy generally required the independent installers to obtain their own workers' compensation coverage, he testified that sometimes when his company was trying out installers or had part-time crews, it was difficult to insure that they had workers' compensation coverage, and in that event, Reedy would deduct money for workers' compensation so that these installers would be covered.
The judges of compensation claims, in separate proceedings, determined upon essentially the same evidence that USIS was estopped to deny coverage. In the case of Mark Faber, the judge of compensation claims stated:
I find that before REEDY CARPETS was insured with FHHRH, Mr. Richard Valdez and Mr. Ken Enlow discussed carpet installers and coverage. Mr. Ken Enlow, who had dealt with REEDY CARPETS for years in obtaining prior insurance coverage and related matters, thereafter switched the coverage to USIS and FHHRH with knowledge that REEDY CARPETS had a policy of deducting from carpet installers, premiums for workers' compensation coverage. I find that because of Mr. Enlow's relationship with Brown and Brown, his knowledge of this policy, and his continued awareness of REEDY CARPET'S policy of deducting compensation, after obtaining coverage with USIS/FHHRF, estops the Fund from denying coverage in this claim. I base this conclusion upon my acceptance of Mr. Reedy's testimony. I further conclude that before Reedy Carpets was accepted as an insured by this Fund, USIS knew or should have known of the Carpet installers' coverage because Mr. Enlow and Mr. Valdez who both held executive positions with Brown and Brown, discussed this problem... .
Mr. Enlow, [was] aware of the deductions made from carpet installers wages for premiums and his failure to advise the Employer to discontinue the policy after coverage was issued by USIS/FHHRF estops the fund from denying coverage to the Employer and Mr. Faber herein. Because of Mr. Enlow's relationship to USIS through Brown and Brown, I find the agent's knowledge of the premium deductions and acquiescence in the continuance of the policy is imputed to USIS and the Fund.
While it is true, as USIS argues, that ordinarily equitable estoppel may be used defensively to prevent a forfeiture of insurance coverage, but not affirmatively to create or extend coverage, promissory estoppel may be used to create insurance coverage where to refuse to do so would sanction fraud or other injustice. Crown Life Insurance Company v. McBride, 517 So.2d 660, 662 (Fla. 1987). See also, Warren v. Department of Administration, 554 So.2d 568 (Fla. 5th DCA 1989).
USIS's remaining points are without merit. Allen v. Estate of Carman, 281 So.2d 317 (Fla. 1973), and Strickland v. Al Landers Dump Trucks, Inc., 170 So.2d 445 (Fla. 1964).
AFFIRMED.
WENTWORTH and WIGGINTON, JJ., concur.
NOTES
[*] Mark Faber was killed in an unrelated accident and his wife has been found to be the proper party to receive his compensation benefits.