ON MOTION FOR REHEARING AND CERTIFICATION
PER CURIAM.
We grant respondent’s motion for rehearing, withdraw our opinion filed May 16, 1990 and substitute for it the following:
Petitioners, Taos Construction, Inc., and its employee, Willie Philmore, seek review by petition for writ of certiorari of an order of the trial court denying their motion for summary judgment. Said motion, among other things, contended that the record before the court clearly demonstrated the absence of a genuine issue of material fact regarding petitioners’ defense of immunity under the Florida Workers’ Compensation statute because a workers’ compensation insurance policy was procured by Taos Construction, Inc., and respondent claimed *911 and received workers’ compensation under that policy for the injuries alleged in said cause.
Since on this record it is clear that petitioners are immune from suit for these injuries, the circuit court is without jurisdiction to proceed further against these petitioners. Accordingly, the petition for writ of certiorari is treated as a petition for writ of prohibition, said writ is granted, and the order denying summary judgment is quashed. However, we do certify the following as being of great public importance:
MAY A GENERAL CONTRACTOR, WHO PROVIDES WORKER’S COMPENSATION COVERAGE FOR AN INDEPENDENT CONTRACTOR BY DEDUCTING THE COVERAGE PREMIUMS FROM PAYMENTS DUE THAT INDEPENDENT CONTRACTOR, CLAIM IMMUNITY FROM THE INDEPENDENT CONTRACTOR’S CIVIL SUIT FOR PERSONAL INJURY UNDER THE WORKER’S COMPENSATION STATUTE WHERE THE INDEPENDENT CONTRACTOR CLAIMED AND RECOVERED WORKER’S COMPENSATION BENEFITS?
MAY TRIAL COURT ORDERS, DENYING IMMUNITY FROM CIVIL SUIT UNDER THE WORKER’S COMPENSATION STATUTE, BE REVIEWED BY A WRIT OF PROHIBITION?
DOWNEY and GLICKSTEIN, JJ., concur.
DELL, J., dissents with opinion.