605 So.2d 850 (1992)
Anthony MANDICO, Petitioner,
v.
TAOS CONSTRUCTION, INC., et al., Respondents.
No. 76766.
Supreme Court of Florida.
July 9, 1992.
Rehearing Denied October 8, 1992.
L. Barry Keyfetz of the Law Offices of L. Barry Keyfetz, Miami, for petitioner.
Neil Rose and Steven J. Chackman of Conroy, Simberg & Lewis, P.A., Hollywood, for respondents.
*851 L. Barry Keyfetz of the Law Offices of L. Barry Keyfetz, Miami, amicus curiae for the Academy of Florida Trial Lawyers.
PER CURIAM.
We have for review Taos Construction, Inc. v. Mandico, 566 So.2d 910 (Fla. 4th DCA 1990), in which the district court certified the following questions as being of great public importance:
MAY A GENERAL CONTRACTOR, WHO PROVIDES WORKER'S COMPENSATION COVERAGE FOR AN INDEPENDENT CONTRACTOR BY DEDUCTING THE COVERAGE PREMIUMS FROM PAYMENTS DUE THAT INDEPENDENT CONTRACTOR, CLAIM IMMUNITY FROM THE INDEPENDENT CONTRACTOR'S CIVIL SUIT FOR PERSONAL INJURY UNDER THE WORKER'S COMPENSATION STATUTE WHERE THE INDEPENDENT CONTRACTOR CLAIMED AND RECOVERED WORKER'S COMPENSATION BENEFITS? MAY TRIAL COURT ORDERS, DENYING IMMUNITY FROM CIVIL SUIT UNDER THE WORKER'S COMPENSATION STATUTE, BE REVIEWED BY A WRIT OF PROHIBITION?
566 So.2d at 911. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution.
In June 1984, petitioner, Anthony Mandico, was injured while working on a construction project as an independent contractor for respondent Taos Construction, Inc. (Taos). The injury occurred when scaffolding fell on Mandico due to the alleged negligence of respondent Willie Philmore, one of Taos' employees. Although Mandico maintains that "over protest," Taos "unilaterally deducted" from his salary seven percent for worker's compensation insurance, it appears that Mandico entered into a written agreement with Taos that provided if he did not have a worker's compensation insurance policy of his own, seven percent of his gross weekly wages would be deducted for such insurance. It is undisputed that Mandico applied for and received benefits under the worker's compensation policy procured on his behalf by Taos.
However, Mandico, later filed a negligence action against Taos and Philmore. Mandico alleged that Taos and its employee had no immunity under section 440.11(1), Florida Statutes (1983),[1] because he was an independent contractor from whose wages Taos had "unilaterally extracted" the cost of the premium for worker's compensation insurance in violation of section 440.21, Florida Statutes (1983). In their answer to the complaint, the respondents denied negligence and raised as an affirmative defense immunity from liability under section 440.11. Prior to trial, the respondents moved for summary judgment, arguing that the record demonstrated the absence of a genuine issue of material fact regarding the defense of immunity because Taos had procured a workers' compensation policy under which Mandico had claimed and received benefits. The trial court denied the motion and respondents filed a petition for common law certiorari in the district court.[2]
After asking the parties to address whether prohibition was proper, the district court treated the petition as a petition for *852 writ of prohibition. Reasoning that "[s]ince on this record it is clear that petitioners are immune from suit for these injuries, the circuit court is without jurisdiction to proceed further against these petitioners," the district court granted the petition and quashed the order denying summary judgment. 566 So.2d at 911. On motion for rehearing, the district court added the certified questions set forth above. Id.
The first question certified presents two distinct issues. The first deals with whether a general contractor who employs an independent contractor insulates itself from common law liability pursuant to section 440.11 when it procures compensation coverage for the independent contractor by deducting the premiums for the coverage from wages due the independent contractor in accordance with the parties' contract. The second deals with whether one who claims and receives workers' compensation benefits has made an election of remedies or is otherwise estopped from bringing a common law action against an employer. We address each issue separately.
First, although it is not apparent from a simple reading of the Workers' Compensation Law, our review of the applicable provisions of the Law leads us to the conclusion that an otherwise unimmune general contractor brings itself within the safeguards of section 440.11 when, as per the parties' contract, it procures workers' compensation coverage for the benefit of an independent contractor by deducting the coverage premiums from payments due the independent contractor.
Pursuant to section 440.02(11)(d)1, Florida Statutes (1983),[3] an independent contractor is ordinarily excluded from the provisions of the Workers' Compensation Law. Strickland v. Al Landers Dump Trucks, Inc., 170 So.2d 445, 446 (Fla. 1964). Therefore, the employer of an independent contractor is not required to secure to such an excluded individual the payment of workers' compensation and thus is not entitled to section 440.11 immunity from civil suit for work-related injuries suffered by the independent contractor. §§ 440.10, 440.11, Fla. Stat. (1983). However, pursuant to section 440.04, Florida Statutes (1983),[4] a person who is not otherwise considered an "employee" covered under chapter 440, but for whose benefit a contract of workers' compensation insurance has been secured, may be brought within the operation of the chapter by the acceptance of a policy of insurance by the employer and the writing of such policy by the carrier. Allen v. Estate of Carman, 281 So.2d 317, 322 (Fla. 1973); Strickland v. Al Landers Dump Trucks, Inc., 170 So.2d at 446. As we have recognized, the purpose and effect of section 440.04 is to "empower" an employer having in its employ one who is excluded or exempted from the operation of the Law to voluntarily assume the obligations and privileges of the Workers' Compensation Law in relation to that individual and thereby insulate itself from common law liability pursuant to section 440.11. Allen, 281 So.2d at 322.
*853 We cannot agree with Mandico that the benefits of chapter 440 are not secured for one excluded from the definition of "employee" simply because, in accordance with the parties' contract, a general contractor deducts the cost of the premiums for the workers' compensation policy from payments due the excluded individual. Cf. id. (policy secured the benefits of Workers' Compensation Law where policy was procured with funds deducted from independent contractor's commission). It is true that section 440.21(1), Florida Statutes (1983), specifically provides that any agreement by an employee to pay any portion of the premium for workers' compensation insurance paid by the employer is invalid and any employer who makes a deduction for such purpose from the pay of any employee entitled to the benefits of the chapter is guilty of a misdemeanor. See Barragan v. City of Miami, 545 So.2d 252 (Fla. 1989). However, as noted above, an independent contractor is specifically excluded from the definition of "employee" as used in chapter 440. § 440.02(11)(d)1. Therefore, we conclude that the section 440.21 prohibition does not apply to such agreements by an independent contractor.
Moreover, an independent contractor who enters into an agreement whereby coverage premiums will be deducted from payments due, if the independent contractor does not have workers' compensation coverage, in effect elects to be covered and thereby bound by the provisions of chapter 440, including the exclusiveness of liability clause. See Mullarkey v. Florida Feed Mills, Inc., 268 So.2d 363, 365 (Fla. 1972) (when chapter 440 coverage is elected, chapter's provisions, including exclusiveness of liability, apply and bind employee), appeal dismissed, 411 U.S. 944, 93 S.Ct. 1923, 36 L.Ed.2d 406 (1973). We find no constitutional impediment to limiting the liability of one who employs an independent contractor where such a contractual election has been made. See id. (no unconstitutional discrimination exists where employee voluntarily binds himself and his survivors to exclusiveness of liability provision of chapter 440). Finally, we note our agreement with the Georgia Court of Appeals that the quid pro quo provided by the employer in such a case, thus justifying the grant of immunity, is the employer's surrender, under the agreement, of traditional defenses in regard to a compensable injury to the independent contractor. Lott v. Ace Post Co., Inc., 175 Ga. App. 196, 332 S.E.2d 676 (1985).
Accordingly, we hold that a general contractor who employs an independent contractor insulates itself from civil liability when, in accordance with the parties' contract, it procures a workers' compensation policy for the benefit of the independent contractor by deducting the policy premiums from payments due the independent contractor.
Turning to the second issue raised in the first certified question, one who claims and receives workers' compensation benefits will be found to have elected such compensation as an exclusive remedy where there is evidence of a conscious choice of remedies. See Ferraro v. Marr, 490 So.2d 188 (Fla. 2d DCA), review denied, 496 So.2d 143 (1986); Ferraro v. Marr, 467 So.2d 809 (Fla. 2d DCA 1985); Velez v. Oxford Development Co., 457 So.2d 1388 (Fla. 3d DCA 1984), review denied, 467 So.2d 1000 (Fla. 1985); see also 2A A. Larson, Workmen's Compensation Law §§ 67.32, 67.35 (1990 & Supp. 1991). Likewise, such an individual is estopped from bringing civil suit against an employer where the elements necessary for an estoppel are present. See State Dep't of Revenue v. Anderson, 403 So.2d 397 (Fla. 1981); State ex rel. Watson v. Gray, 48 So.2d 84 (Fla. 1950); Velez v. Oxford Dev. Co., 457 So.2d at 1391.
Accordingly, with the above qualifications, we answer the first question certified in the affirmative.
We answer the second question certified in the negative. Prohibition is an extraordinary writ by which a superior court may prevent an inferior court or tribunal, over which it has appellate and supervisory jurisdiction, from acting outside its jurisdiction. Southern Records & Tape Serv. v. Goldman, 502 So.2d 413, 414 (Fla. *854 1986); English v. McCrary, 348 So.2d 293, 296 (Fla. 1977); State ex rel. B.F. Goodrich Co. v. Trammell, 140 Fla. 500, 503-04, 192 So. 175 (1939). The writ is very narrow in scope and operation and must be employed with caution and utilized only in emergency cases to prevent an impending injury where there is no other appropriate and adequate legal remedy.
As we noted in English v. McCrary:
Prohibition lies to prevent an inferior tribunal from acting in excess of jurisdiction but not to prevent an erroneous exercise of jurisdiction. In this state, circuit courts are superior courts of general jurisdiction, and nothing is intended to be outside their jurisdiction except that which clearly and specially appears so to be.
348 So.2d at 297 (citation omitted) (emphasis added). Therefore, prohibition may not be used to divest a lower tribunal of jurisdiction to hear and determine the question of its own jurisdiction; nor may it be used to test the correctness of a lower tribunal's ruling on jurisdiction where the existence of jurisdiction depends on controverted facts that the inferior tribunal has jurisdiction to determine. 348 So.2d at 298.
In urging that prohibition is proper in this case, Taos relies heavily on this Court's decision in Winn-Lovett Tampa v. Murphree, 73 So.2d 287 (Fla. 1954). In Murphree, a motion to dismiss a personal injury suit brought by an illegally employed minor against his employer had been denied by the trial court. As in this case, the employer maintained that the circuit court was without jurisdiction because chapter 440 provided the exclusive remedy for recovery for the minor employee's injury. Id. at 288. When the motion was denied, the employer petitioned this Court for a writ of prohibition. Prohibition was granted on the premise it was clear from the plain language of the relevant statutes that the minor was limited to his remedy under the compensation act and therefore the circuit court was without jurisdiction.
We now conclude that Murphree was an unwarranted extension of the principle of prohibition. A person has a right to file a personal injury action in circuit court, and the court has jurisdiction to entertain the suit. The assertion that the plaintiff's exclusive remedy is under the workers' compensation law is an affirmative defense, and its validity can only be determined in the course of litigation. The court has jurisdiction to decide the question even if it is wrong. Moreover, the decision will often turn upon the facts, and the court from which the writ of prohibition is sought is in no position to ascertain the facts. At the same time, it is incongruous to say that while the circuit court has jurisdiction to make findings of fact, depending upon the nature of the findings, it may thereupon lose jurisdiction. Thus, we hold that henceforth prohibition may not be employed to raise the defense of workers' compensation immunity.[5]
We suspect that one reason the court was willing to permit prohibition in Murphree was to avoid the necessity of requiring the trial to proceed to its conclusion when it was evident from a construction of the relevant statutes that the plaintiff's exclusive remedy was to obtain workers' compensation benefits. Because we are sensitive to the concern for an early resolution of controlling issues, we amend Florida Rule of Appellate Procedure 9.130(a)(3) to read as follows:
(3) Review of non-final orders of lower tribunals is limited to those which:
(A) concern venue;
(B) grant, continue, modify, deny or dissolve injunctions, or refuse to modify or dissolve injunctions;
(C) determine:
(i) jurisdiction of the person;
(ii) right to immediate possession of property;
(iii) right to immediate monetary relief or child custody in domestic relations matters;

*855 (iv) the issue of liability in favor of a party seeking affirmative relief; or
(v) whether a party is entitled to arbitration.; or
(vi) that a party is not entitled to workers' compensation immunity as a matter of law.
This amendment shall become effective immediately upon the release of this opinion.
Accordingly, we quash the decision below insofar as it grants prohibition. However, because we approve the opinion below as it relates to the first question certified, we remand with directions that the suit be dismissed.
It is so ordered.
OVERTON, McDONALD, GRIMES and HARDING, JJ., concur.
KOGAN, J., concurs in part and dissents in part with an opinion, in which
BARKETT, C.J., and SHAW, J., concur.
KOGAN, Justice, concurring in part and dissenting in part.
I concur in the majority's handling of the first question certified. However, I do not believe it is necessary to recede from our decision in Winn-Lovett Tampa v. Murphree, 73 So.2d 287 (Fla. 1954), in order to resolve the second certified question. I also dissent from the majority's remand with directions that the suit be dismissed.
While I agree that prohibition is not appropriate in this case, I find Murphree distinguishable. As the majority notes:
Prohibition lies to prevent an inferior tribunal from acting in excess of jurisdiction but not to prevent an erroneous exercise of jurisdiction. In this state, circuit courts are superior courts of general jurisdiction, and nothing is intended to be outside their jurisdiction except that which clearly and specially appears so to be.
Majority op. at 854 (quoting English v. McCrary, 348 So.2d 293, 297 (Fla. 1977). For example, in State ex rel. B.F. Goodrich Co. v. Trammell, 140 Fla. 500, 192 So. 175 (1939), this Court refused to issue a writ of prohibition to restrain a circuit court from exercising jurisdiction over a civil suit against an employer where the circuit court's jurisdiction depended on a determination by that court of an issue of fact as to whether the employer had complied with the requirements of the compensation act in effect at the time. Denial of the writ was proper in Trammell because it was not "conclusively" shown upon the face of the record that the circuit court was without jurisdiction. 140 Fla. at 503, 192 So. 175.
In Murphree, the trial court denied an employer's motion to dismiss a personal injury suit that had been brought against the employer by an illegally employed minor. The employer sought a writ of prohibition in this Court maintaining that the trial court was without jurisdiction because chapter 440 provided the minor's sole remedy. We granted the writ because it was clear from the plain language of the relevant statutes that the minor was limited to his remedy under the compensation act and therefore there could be no doubt that the circuit court was without jurisdiction. 73 So.2d at 290 (an examination of relevant statutes "forced the conclusion" that the minor was limited to the compensation remedy; the statutes said so "in no uncertain terms").
Adherence to our holding in Murphree does not require a conclusion that prohibition is available in this case. Unlike Murphree, it is not clear from a simple reading of the controlling statutes that workers' compensation is Mandico's exclusive remedy; and therefore, in this case, it cannot be conclusively shown on the face of this record that the circuit court was without jurisdiction. As noted in the majority's analysis in connection with question one, nowhere in chapter 440 is it clearly provided that a general contractor secures the payment of compensation for an independent contractor for purposes of the waiver of exemption provisions of section 440.04, thus limiting its liability under section 440.11, by deducting the cost of compensation premiums from the independent contractor's wages. Prohibition is not the proper vehicle for resolving such uncertainty. Likewise, it is not a proper vehicle for addressing *856 the appropriateness of a lower court's rejection of an affirmative defense of election of remedies or estoppel. Such matters are properly reviewed by plenary appeal. See Ferraro v. Marr, 490 So.2d 188 (Fla. 2d DCA), review denied, 496 So.2d 143 (1986). Although review by writ of prohibition is not proper in this case, prohibition was proper in Murphree. I see no reason to recede from that decision.
I concur in the amendment of Florida Rule of Appellate Procedure 9.130(a)(3) because I too wish to promote the early resolution of controlling issues in cases, such as this, where prohibition is not available. In light of this amendment, I also would answer the second question certified in the negative. However, this conclusion is based solely on the fact that henceforth review of such orders by writ of prohibition will never be proper.
Finally, I also dissent from the majority's remand for dismissal of Mandico's suit. As I read this record, there are factual matters that must be resolved by the trial court before the principles set forth in connection with the first question certified should be applied in this case.
BARKETT, C.J., and SHAW, J., concur.
NOTES
[1] Section 440.11, Florida Statutes (1983), provides in pertinent part:

440.11 Exclusiveness of liability. 
(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to ... the employee . .. and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee ... may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death... . The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter....
[2] Florida Rule of Appellate Procedure 9.130 does not provide for an appeal of an interlocutory order denying a motion for summary judgment.
[3] Under section 440.02(11)(d)1, Florida Statutes (1983), an independent contractor is excluded from the definition of an "employee" for whom an employer must secure the payment of compensation payable under chapter 440.
[4] Section 440.04, Florida Statutes (1983), provides in pertinent part:

440.04 Waiver of exemption. 
(1) Every employer having in his employment any employee not included in the definition "employee" or excluded or exempted from the operation of this chapter may at any time waive such exclusion or exemption and accept the provisions of this chapter by giving notice thereof as provided in s. 440.05, and by so doing be as fully protected and covered by the provisions of this chapter as if such exclusion or exemption had not been contained herein.
(2) When any policy or contract of insurance specifically secures the benefits of this chapter to any person not included in the definition of "employee" ... or who is otherwise excluded or exempted from the operation of this chapter, the acceptance of such policy or contract of insurance by the insured and the writing of same by the carrier shall constitute a waiver of such exclusion or exemption and an acceptance of the provisions of this chapter with respect to such person, notwithstanding the provision of s. 440.05 with respect to notice.
[5] Of course, prohibition would lie if a claimant sought to recover workers' compensation by filing suit in circuit court because the court would have no jurisdiction to entertain a workers' compensation action.