651 So.2d 1176 (1995)
HOLMES COUNTY SCHOOL BOARD, Petitioner,
v.
Terry DUFFELL, et al., Respondents.
No. 83283.
Supreme Court of Florida.
March 9, 1995.
Michael W. Kehoe of Fuller, Johnson, Farrell, P.A., Pensacola, for petitioner.
Barry Gulker of Caminez, Walker & Brown, Tallahassee, for respondents.
Robert A. Ginsburg, Dade County Atty. and Michael S. Davis, Asst. County Atty., Miami, amicus curiae for Metropolitan Dade County.
J. Riley Davis of Katz, Kutter, Haigler, Alderman, Marks & Bryant, P.A., Tallahassee, amicus curiae for American Ins. Ass'n.
Robert A. Butterworth, Atty. Gen. and Craig B. Willis, Asst. Atty. Gen., Tallahassee, amicus curiae for Florida Dept. of Ins.
*1177 John J. Copelan, Jr., Broward County Atty., and Anthony C. Musto and Christine M. Duignan, Asst. County Attys., Fort Lauderdale, amicus curiae for Florida Ass'n of County Attys.
Thomas M. Ervin, Jr. of Ervin, Varn, Jacobs, Odom & Ervin, Tallahassee, amicus curiae for The Academy of Florida Trial Lawyers.
SHAW, Justice.
We have for review Holmes County School Board v. Duffell, 630 So.2d 639 (Fla. 1st DCA 1994), alleged to be in conflict with Mandico v. Taos Construction, Inc., 605 So.2d 850 (Fla. 1992). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution, and approve the district court's decision.
Terry Duffell, a custodian employed by the Holmes County School Board (the School Board), was injured on February 8, 1990, while assisting in a school bus evacuation drill. During the drill, Duffell was helping students exit through the rear door of a school bus when Robert Lewis, another School Board employee and driver of the bus immediately behind Duffell, allowed his bus to roll forward. As a result, Duffell was pinned between the buses and seriously injured.
In addition to claiming the right to receive workers' compensation benefits from the School Board, Duffell and his wife filed a civil action to recover for Lewis' negligence. Because section 768.28(9)(a), Florida Statutes (1991), immunized Lewis from personal liability, the civil action was maintained against the School Board. The School Board sought summary judgment pursuant to section 440.11(1), Florida Statutes (1991), alleging that workers' compensation was Duffell's exclusive remedy. The trial court denied the motion and the School Board's appeal was dismissed as untimely. The School Board then agreed to settle Duffell's workers' compensation claims and after the settlement was approved, the School Board, citing Duffell's acceptance of benefits and the settlement of his worker's compensation claims, again moved for summary judgment in the civil action. The motion was denied, and the School Board appealed.
In affirming the trial court's ruling, the district court held that section 440.11(1), Florida Statutes (1991), provides that workers' compensation is not a claimant's exclusive remedy as to liability of a fellow employee when each is operating in the furtherance of the employer's business but they are assigned primarily to unrelated works.[1]Holmes County, 630 So.2d at 640. We granted review based on asserted conflict with Mandico v. Taos Construction, wherein we ruled that "a general contractor who employs an independent contractor insulates himself from civil liability when, in accordance with the parties' contract, it procures a workers' compensation policy for the benefit of the independent contractor by deducting the policy premiums from payments due the independent contractor." Mandico, 605 So.2d at 853. We went on to hold that one who claims and receives workers' compensation benefits under such an arrangement will be found to have elected such compensation as an exclusive remedy where there is evidence of a conscious choice of remedies. Id.
The School Board argues that under our decision in Mandico Duffell's conscious selection of workers' compensation benefits precludes him from maintaining a civil cause of action for Lewis's negligence. We disagree. Mandico is not controlling because in that case we were not faced with the issue of whether an injured worker who accepts benefits from an employer is entitled to maintain a separate civil action against a negligent co-employee assigned to unrelated works.
The instant case involves the simultaneous operation of two Florida Statutes; sections 440.11 and 768.28. Section 440.11(1) provides that an employer's liability under workers' compensation is exclusive and in place of all other liability as to third-party tortfeasors and employees. The section provides that the same immunity extends to each employee *1178 of the employer when such employee is acting in furtherance of the employer's business. However, this same section contains exceptions under which the employee immunity is not applicable. One such exception is where employees of the same employer operating in furtherance of the employer's business are assigned primarily to unrelated work.
440.11 Exclusiveness of liability. 
(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee... . The same immunities from liability enjoyed by the employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business... . Such fellow-employee immunities shall not be applicable ... to employees of the same employer when each is operating in the furtherance of the employer's business but they are assigned primarily to unrelated works within private or public employment.
§ 440.11(1), Fla. Stat. (1991).
Section 768.28(9)(a), Florida Statutes (1991), immunizes public employees from personal liability for torts by requiring any civil action for the employee's negligence to be maintained against the governmental entity:
No officer, employee, or agent of the state or any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered ... unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property... . The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee or agent of the state ... shall be by action against the governmental entity... .
§ 768.28(9)(a), Fla. Stat. (1991).
Because the legislature is silent with respect to the simultaneous operation of these statutes, we are guided by the plain and obvious meanings of both statutes.
Turning first to section 440.11(1), Florida Statutes (1991), we note that the employer immunity provision does not nullify the additional statutory rights conferred in the same section. Section 440.11(1) was amended in 1978 to extend tort immunity for workplace accidents to employees and to allow an injured worker to sue a negligent co-employee "when each is operating in the furtherance of the [same] employer's business but they are assigned primarily to unrelated works within private or public employment." Use of the language "within public or private employment" can only be read as conferring the same statutory rights to both public and private employees.
Our conclusion is buttressed by the related statutory provisions of section 440.39(1) which provide that an injured worker may accept an employer's compensation benefits "and at the same time ... pursue his remedy by action at law or otherwise against [a] third-party tortfeasor." § 440.39(1), Fla. Stat. (1991) (emphasis added).
Giving full effect to these two provisions and reading them in harmony, we conclude that injured workers, both public and private, have a statutory right to accept workers' compensation benefits and at the same time pursue a civil action against a negligent co-employee who is assigned primarily to unrelated works.
We turn next to the language of section 768.28(9)(a), Florida Statutes (1991), which provides that the exclusive remedy for injury or damages inflicted by an officer, employee, or agent of the state shall be by action against the governmental entity. Under the statute, when a public worker injures another public worker, the "exclusive remedy" for the public employee's negligence is by action against the government entity "unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Id. There is no statutory exception to the government's liability.
The School Board argues that it nevertheless enjoys absolute immunity under section 440.11(1) because the legislature did *1179 not intend sections 440.11(1) and 768.28(9)(a) to be read in pari materia. We disagree. Absent an express declaration, we cannot assume that the legislature intended the employer immunity provisions of section 440.11(1) to trump the express language of section 768.28(9)(a). Although the legislature may direct that statutes be read in pari materia, the absence of that directive does not bar such a reading. Miami Dolphins Ltd. v. Metropolitan Dade County, 394 So.2d 981 (Fla. 1981).
The legislature is presumed to know existing law when it enacts a statute. Williams v. Jones, 326 So.2d 425 (Fla. 1975), appeal dismissed, 429 U.S. 803, 97 S.Ct. 34, 50 L.Ed.2d 63 (1976). As such, it is illogical to assume the legislature's 1980 amendment to section 768.28(9) was intended to eviscerate the public employee's statutory right to redress injury under section 440.11(1), while the private employee's statutory right to redress injury under the same section remains intact.
A contrary interpretation facilitates unequal treatment among public and private employees.
We hold that Duffell is entitled to pursue his claim against Lewis as expressly set forth in sections 440.11(1) and 440.39(1). The School Board is not being sued in its capacity as Duffell's employer. Instead, pursuant to section 768.28(9)(a), it is being sued as a surrogate defendant based on the negligent acts of Lewis, a fellow public employee.
We approve the district court's ruling.
It is so ordered.
KOGAN and WELLS, JJ., concur.
ANSTEAD, J., concurs specially with an opinion, in which KOGAN, J., concurs.
GRIMES, C.J., dissents with an opinion, in which OVERTON and HARDING, JJ., concur.
ANSTEAD, Justice, specially concurring.
We are confronted with the task of reconciling two distinct statutory schemes that do not smoothly mesh in their application to the factual circumstances of this case. It appears the legislature did not specifically contemplate the situation here presented and deal with it explicitly. The legislature should address the problem directly.
First, the legislature has provided an exception to the ordinary rule that an employee who is injured on the job by the negligence of a fellow employee may not sue for damages, and is only entitled to a recovery of worker's compensation benefits. The exception set out in section 440.11, Florida Statutes (Supp. 1994), permits an employee to sue his negligent fellow employee when the two employees are engaged in unrelated work. As a practical matter, when a fellow employee is sued under this exception, the employer's liability insurance will presumably apply since the employee is acting in the scope of his employment in the unrelated work. So, an employee may recover in tort, and probably against his employer's insurer, although his recovery may be reduced by any worker's compensation lien imposed.
This scenario appears to be rather straight-forward when a private employer is involved. However, the legislature obviously intended that a public employee be entitled to this same exception, i.e., the right to sue a fellow employee engaged in unrelated work, since the legislature used the words in section 440.11 "unrelated works within private or public employment." So, what does a public employee do when she wants to assert an unrelated works negligence claim against a fellow public employee?
The legislative scheme set out in section 768.28(9), Florida Statutes (Supp. 1994), expressly prohibits a public employee from being named as a defendant in a negligence action arising out of his work. Instead, the section provides that the "exclusive remedy" for a public employee's negligence shall be an action against the public employer. So, the injured public employee granted a right to sue a negligent fellow employee engaged in unrelated work, is instructed by section 768.28(9), just like third-party claimants, that his exclusive remedy is against the public employer. There is no exception in section 768.28(9) permitting a fellow employee to be named as a defendant when the fellow employee *1180 is engaged in unrelated work. There is an exception for willful torts, but that does not apply here.
The majority has attempted to reconcile these statutory provisions by following the directive of section 768.28(9) and permitting the injured worker to sue the public employer, since that is the "exclusive remedy" mandated by the statute. I think that is the best job of reconciling these provisions that we can do, consistent with the intent of the legislature in expressly authorizing this claim, yet not allowing a direct action against a public employee. I do not believe the legislature intended that an injured public employee have any less rights than either a third-party with a claim against a public employee, or an injured private employee with a claim under the "unrelated works" exception. What good would it do to have a claim if you had no one to sue? Surely the legislature did not intend such an absurd result.
The dissent's position of adding an exception to section 768.28(9)'s bar to lawsuits against public employees is not unreasonable. However, it requires a lot more "judicial legislating," in my view, than does the majority interpretation. As a practical matter, if liability insurance is in place for the public employer, the result will be the same. Both interpretations will permit an ultimate recovery against a liability insurer. In fact, the public employer may be better off under the majority view since the cap on damages will apply. If the action is against the employee, the employer's insurer may be exposed to liability above the cap.
KOGAN, J., concurs.
GRIMES, Chief Justice, dissenting.
This Court stated the purpose of the workers' compensation law in DeAyala v. Florida Farm Bureau Casualty Insurance Co., 543 So.2d 204, 206 (Fla. 1989):
Florida's worker's compensation program was established for a twofold reason:
(1) to see that workers in fact were rewarded for their industry by not being deprived of reasonably adequate and certain payment for workplace accidents; and (2) to replace an unwieldy tort system that made it virtually impossible for businesses to predict or insure for the cost of industrial accidents.
Consistent with this purpose, section 440.11(1), Florida Statutes (1991), states in part:
(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or the legal representative thereof in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death.
In 1978, section 440.11 was amended to add the following language:
The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter. Such fellow-employee immunities shall not be applicable to an employee who acts, with respect to a fellow employee, with willful and wanton disregard or unprovoked physical aggression or with gross negligence when such acts result in injury or death or such acts proximately cause such injury or death, nor shall such immunities be applicable to employees of the same employer when each is operating in the furtherance of the employer's business but they are assigned primarily to unrelated works within private or public employment.
The other statute relevant to our consideration is section 768.28(9), Florida Statutes (1991), which reads in pertinent part:
(a) No officer, employee, or agent of the state or of any of its subdivisions shall be *1181 held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property... . The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
By virtue of its interpretation of these statutes, the majority concludes that an injured employee has a cause of action in tort against his governmental employer in addition to collecting workers' compensation from his employer. This holding totally ignores section 440.11(1) which mandates that the employee's exclusive remedy against his employer for on-the-job injuries is workers' compensation. Despite the apparent conflict, I believe that the statutes can be harmonized when the underlying purpose of each is analyzed.
In cases where an employee is injured through the negligence of a fellow employee, section 440.11(1) reflects a clear intent that the employee's only remedy against the employer will be through the collection of workers' compensation benefits. However, an employee is permitted to sue a fellow employee if the fellow employee's conduct was willful or grossly negligent, or where the injury was negligently inflicted by a fellow employee engaged in unrelated works. On the other hand, it is obvious that section 768.28(9) is concerned with suits brought against governmental entities by third parties. Because governmental entities necessarily act through their employees, most of these claims come about as a result of the negligence of an employee. The intent of this subsection is to exonerate the employee for simple negligence and place the monetary responsibility on the governmental entity. At the same time, in cases of willful and wanton misconduct of the governmental employee, the governmental entity is deemed immune and the offending employee can be held liable. Section 768.28(9) did not intend to create a new cause of action for an employee to sue his employer based on the conduct of a fellow employee.
As so construed, the statutes are in perfect harmony. The employee maintains the right to sue a fellow employee for willful or wanton misconduct or for negligent injury arising out of unrelated work, but section 768.28(9) has no application to suits by employees against fellow employees. However, the statute does protect a governmental employee who injures a third party except in cases of willful or wanton misconduct.
In this manner, the words "within private or public employment" as contained in section 440.11 are given effect because the injured employee has the same rights in both public or private employment. However, by virtue of the statutory construction employed in the majority opinion, the injured public employee can sue his employer for the negligence of his fellow employee, but an injured private employee cannot do so. Justice Anstead's suggestion that private and public employers will be treated in the same way because the employers' liability policy of the private employer will cover the claim is incorrect. The employers liability policy will most certainly exclude coverage of claims for which workers' compensation is payable.
In the final analysis, the majority's interpretation makes a travesty of the legislative intent of workers' compensation. It is inconceivable that the legislature could have intended *1182 that a governmental employee injured through the negligence of a fellow employee assigned to unrelated work could collect workers' compensation from his employer and then recover from his employer again in a negligence action.
I respectfully dissent.
OVERTON and HARDING, JJ., concur.
NOTES
[1] The trial court made a determination that Duffell and Lewis were assigned to unrelated works. This determination was not disputed on appeal to the district court, addressed by the district court, or presented in the petition for our review.