# Third District Court of Appeal

## State of Florida

Opinion filed December 11, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1852
Lower Tribunal No. 2021-14716-CA-01
_____

**Raziel Ofer,**
Petitioner,

vs.

**Ajar Holdings, LLC,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Raziel Ofer, in proper person.

Roniel Rodriguez, IV, P.A. and Roniel Rodriguez, IV, for respondent.

Before LINDSEY, MILLER and GORDO, JJ.

GORDO, J.

Petitioner Raziel Ofer ("Ofer"), the plaintiff below, petitions this Court for a writ of prohibition,[1] alleging the trial court was divested of jurisdiction after Ofer filed his notice of voluntary dismissal on August 17, 2021. We have jurisdiction. Art. V, § 4(b)(3), Fla. Const.; Fla. R. App. P. 9.030(b)(3). We deny the petition.

## I.

The action below stems from a dispute over the ownership of two buildings located on Miami Beach (the "Subject Property"). On August 16, 2021, the trial court conducted a hearing and orally ruled that it was taking custody of the Subject Property and appointing a conservator. The next day, Ofer filed a notice of voluntary dismissal. On August 20, 2021, the trial court entered a written order designating the conservator. Over three years later, this petition followed.

## II.

We begin with Florida's rule of procedure governing voluntary dismissals. Florida Rule of Civil Procedure 1.420(a)(1) states in pertinent part:

> **Except in actions in which property has been seized or is in the custody of the court**, an action,

[1] Alternatively, Ofer seeks the issuance of a writ of mandamus to compel the trial court to vacate any orders entered after August 17, 2021. We find no merit in Ofer's argument.

2

> a claim, or any part of an action or claim may be dismissed by plaintiff without order of court (A) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (B) by filing a stipulation of dismissal signed by all current parties to the action.

Fla. R. Civ. P. 1.420(a)(1) (emphasis added).

The rule provides that a plaintiff may dismiss a lawsuit without an order of the court "[e]xcept in actions in which property has been seized or is in the custody of the court." Fla. R. Civ. P. 1.420(a)(1). Because the trial court here took custody of the Subject Property on August 16, 2021, we find Ofer was precluded from voluntarily dismissing the action on August 17, 2021 without a court order. Accordingly, Ofer has unsuccessfully demonstrated that his attempted voluntary dismissal divested the trial court of jurisdiction over the case, and therefore we deny his petition. See Mandico v. Taos Constr., Inc., 605 So. 2d 850, 853-54 (Fla. 1992) ("Prohibition is an extraordinary writ by which a superior court may prevent an inferior court or tribunal, over which it has appellate and supervisory jurisdiction, from acting outside its jurisdiction. The writ is very narrow in scope and operation and must be employed with caution and utilized only in emergency cases to

3

prevent an impending injury where there is no other appropriate and adequate legal remedy.").

Petition denied.